Bowen v. Emmerson.

BOWEN & CHAMBERS, Respondents, v. WM. EMMERSON, Appellant.

*Appeal from Baker County.*

PLEADING.—In an action for money due upon a contract, facts should be stated showing that a contract existed between the parties, and that it has been broken.

IDEM.—The complaint should state the promise and the consideration, or facts from which a promise or undertaking upon a sufficient consideration is necessarily inferred; and it should state facts showing that the time of payment has expired, or should show in what respect the contract has been broken.

DEMURRER.—The objection "that the complaint does not state facts sufficient to constitute a cause of action," is not waived by failure to demur.

The facts are stated in the opinion filed.

*Kelly & Reed,* for appellant.

*L. O. Sterns,* for respondent.

UPTON, J. The objection, that the complaint does not state facts sufficient to constitute a cause of action, is not waived by failing to demur. (Code, sec. 70.)

The complaint states that, "on or about the eighteenth day of February, 1868, plaintiffs sold and delivered to the defendant 4,000 lbs. of flour, and that the same was worth $212." It does not show that the defendant undertook or became obligated to pay for the flour within a designated time, or within a reasonable time, or when requested; nor that the time of payment had arrived before the commencement of the action. For aught that appears from the facts stated, the property may have been sold on credit, the time of which has not yet expired; or it may have been sold and delivered to the defendant upon the request and credit of another, with a full understanding that the defendant was not to pay for it. It is assumed in argument that complaints like the one under consideration are sustained, by adjudications in other states, under codes similar to ours; and particular reference is made to the state of New York. A

careful examination of the cases cited in support of this proposition will show that it is not correct. The decisions in some of the cases are based on special statutory provisions not contained in our code. For an instance, the code of New York, sec. 162, provides, that "in an action or defense, founded upon an instrument for the payment of money only, it shall be sufficient for a party to give a copy of the instrument, and to state that there is due to him thereon, from the adverse party, a specified sum which he claims." Precedents are found, following this statute, which do not state facts only, but state conclusions. The same is true of other special provisions of statute. Cases predicated upon special provisions not contained in our code, furnish but little assistance in this investigation. Fortunately, our code contains but few special provisions on the subject of pleadings that amount to a departure from the general rule, that the complaint shall contain a plain and concise statement of the facts constituting the cause of action. Attempts to simplify by making special provision for particular cases, or classes of cases, tend to complicate the system and to confuse, rather than simplify, the practice. They are generally a means of annoyance to the practitioner, and of delay and expense to parties. Every experienced pleader knows that there is nothing more difficult to the young practitioner, or that taxes more the memory of those who have experience, than to be compelled to conform to special statutes in pleading. Some of the cases cited purport to be based upon the general rule. The most prominent among them is that of *Allen* v. *Patterson* (3 Seld. 476). The opinion in that case, it must be conceded, is quite out of the general current of authority, and it is difficult to reconcile it with the numerous decisions in the same state, that announce and reiterate the rule, that the code requires facts to be stated, and not the conclusions that result from the facts. The opinion assumes, without argument and without citing any authority relating to the construction of any modern code, that the statement, that the defendant is indebted to the plaintiff in a certain sum, is

the statement of a fact, and, with equal brevity, it reverses the long settled rule, that "if the meaning of the words be equivocal, they shall be construed most strongly against the party pleading them." The statement that the defendant is indebted to the plaintiff, is substantially the conclusion to be found by the jury at the end of the investigation. (*Lienan* v. *Lincoln*, 2 Duer. 670; *Drake* v. *Cockraft*, 4 E.D. Smith, 34; *Seely* v. *Engell*, 17 Barb. 530; *Levy* v. *Bend*, 1 E. D. Smith, 169.)

It is not necessary in this case to determine to what extent the case of *Allen* v. *Patterson* should be considered law, because the complaint in this case does not show, by stating either facts or conclusions, that the defendant is indebted. The case of *Farron* v. *Sherwood* (3 Smith, 229) states the following rule, which seems entirely consistent with the enactments of the Code: "It was not necessary to state in terms a promise to pay, it was sufficient to state facts showing the duty from which the law implies a promise." A fault with the complaint in this case is that it neither states a promise to do any certain act at any specified time, nor states facts from which a duty to do so necessarily arises; or from which a promise is necessarily inferred. It is not probable that any method of pleading, in actions for money due upon contract, will ever be discovered, that is more simple and easy in practice, or better calculated to apprise the court and the parties of the grounds and nature of the action, or more likely to leave a clear and concise record of what has been done, than that which is now prescribed in the code. Notwithstanding this conceded truth, we sometimes meet with pleadings in this class of actions that neither conform to the common law, nor to the requirements of the code. In actions for money due on contract, the common law required a concise statement of the facts, and in some particulars, the employment of technical language— the code requires a *plain* and concise statement of the facts. In other words, the common law required the facts to be stated concisely, and sometimes in technical language; the code requires the facts to be stated concisely and in plain,

or ordinary language. In this class of actions, the pleader is required to state the facts, that show that a contract existed between the parties, that it has been broken, and in what particular, and the amount of damages the breach has caused. Facts only must be stated, as contradistinguished from the law, from argument, from conclusions, and from the evidence required to prove the facts. (*Coryell* v. *Cain*, 16 Cal. 571.)

The complaint does not in this case state facts sufficient to constitute a cause of action.

Judgment should be reversed.