# STEWART v. PHY.

PAYMENT FOR SPECIAL PURPOSE—ACTION FOR MONEY HAD AND RECEIVED. An action for money had and received, lies to recover back money paid by a debtor to his creditor, to be applied in satisfaction of a particular obligation, when the same is not so applied, and the obligation is otherwise discharged. It is not necessary in such action to allege a promise to repay.

APPEAL from Union County.

*J. A. Stratton*, for the appellant.

*Bonham & Ramsey*, for the respondent.

By the Court, WATSON, C. J. :

The judgment appealed from is, in effect, that the complaint states no cause of action. The action was brought in the justice's court, and taken from thence to the circuit court by appeal. From the judgment in the latter court, the present appeal was taken.

The complaint states in substance : That appellant, on September 21, 1881, gave respondent an order for six hundred dollars, on Bamberger & Frank, of Baker City, as an advance, and to be applied and credited upon a contract then existing between them for the purchase of calves. That respondent obtained the money on said order, but failed, neglected and refused to credit the same, or any part thereof, except the sum of four hundred dollars. That said contract was therefore fully paid and satisfied by the appellant, without any credit being given by the respondent for any portion of the six hundred dollars received from Bamberger & Frank on appellant's order, except the sum of four hundred dollars. The prayer is for judgment for two hundred dollars, with legal interest from September 21, 1882, and costs.

It appears from the allegations that the respondent has
money belonging to the appellant to the amount for which
judgment is demanded, in his hands, which he clearly has no
right to retain from the appellant, and we think the action
lies.

The respondent received the money for a particular pur-
pose, which was otherwise satisfied by the appellant, and it
is his duty to repay it.   It is no objection to a recovery in
this action that appellant might have insisted on being
credited with the whole amount received upon his order, in
the settlement of the amount due on the contract for the
purchase of calves.   The complaint shows it was not so
credited, and it was as competent for the parties to waive
the credit at the time of the settlement, as it was for them
to agree to the application of the amount received on the
order in the first place.   It was not necessary to allege a
promise to repay.   The respondent's legal obligation to do
so arises from the facts alleged.   (*Glenny* v. *Hitchens &
Horton*, 4 How. Pr., 98.)   Nor is there any ground for the
objection that the sum for which judgment is asked appears
upon the allegations in the complaint to have been a volun-
tary payment.   It is shown by these allegations to have
been no payment at all.   It was intended to be, but was
never applied ; and by the subsequent arrangement be-
tween the parties, the contract to which it was to be applied
was satisfied without it.   We think the facts alleged in the
complaint fully warrant the action, which is in the nature of
an action for money had and received to the appellant's use,
and that the holding of the circuit court was error.

The judgment is therefore reversed.