WESTCHESTER COUNTY. — HON. OWEN T. COFFIN, SURROGATE.—July, 1886.

DeLAMATER *v.* McCASKIE.

*In the matter of the estate of* HIRAM H. HAVENS, *deceased.*

An attorney's claim to be remunerated for professional services, rendered to an executor in the administration of the estate of the decedent, being against the executor personally, he has no lien, in respect thereof, upon property of the estate which may be in his possession.

Five thousand dollars and disbursements are too much to charge for procuring the admission of an uncontested will to probate.

The executrix of decedent's will having presented a petition, under Code Civ. Pro., § 2706, asking for the examination of one M., who she alleged had in his possession personal property, consisting of papers and securities belonging to decedent at the time of his death, of the value of more than $10,000, the respondent, upon the return of the citation, filed an answer, under id., § 2710, setting forth that he was an attorney, who had performed certain work for the petitioner, as executrix, and claimed a lien for his services on the property in question; that he stated to her the terms on which he would undertake the probate of decedent's will, viz.: $5,000 and disbursements, to which she made no objection; that respondent had conducted the probate, and demanded payment of said sum, which was refused; and praying that the proceedings be dismissed. It did not appear in what manner respondent had obtained the property which occasioned the dispute.—

*Held,* that the answer was insufficient to accomplish the object sought, by reason of its failure to allege, with respect to the property in his possession, that he was " entitled to the possession thereof by virtue of " a " lien thereon," and to set forth facts showing that there was a real question as to the right of possession; and that, accordingly, respondent must attend and be examined.

Metropolitan Trust Co. v. Rogers, 1 *Dem.*, 36½ —followed.

THE deceased left a last will and testament which was duly admitted to probate, and of which Mary P. De Lamater was the executrix.  On a petition presented by her, alleging that one Edward F. McCaskie had in his possession certain personal property belonging to the estate of the decedent at the time of his death, and of the estimated value of upwards of $10,000, a citation was issued requiring said McCaskie to appear before the Surrogate, to be examined concerning the same.  On the return day of the citation the parties appeared, and McCaskie filed a duly verified answer to such petition, in which he stated " that he is a counsellor at law, that he performed certain work for the said Mary P. De Lamater as executrix of said last will and testament, and

claims an attorney's lien on the papers and securities named in said petition for such services;" . . . . . " that he stated to Mary P. De Lamater the terms on which he would undertake the probate of said last will and testament; that the amount so stated was $5,000 and disbursements; that said Mary P. De Lamater made no objection to said terms, and allowed deponent to, and he actually did, conduct said probate; that a demand was made for said amount on Mary P. De Lamater, and refused." Whereupon he asked that said proceedings be dismissed.

LEXOW & HALDANE, *for petitioner.*

F. LARKIN, *for McCaskie.*

THE SURROGATE.—I have, in my time, had many strange cases submitted to me, but this is, in some respects the most remarkable that has come within my experience. Mr. McCaskie is a young man who, as it is understood, has been admitted to the bar within six months past and since the alleged arrangement was made, and yet he seeks to claim an amount for certain services rendered, which the most eminent lawyer at the bar, in this State, would scarce have the audacity to charge. The services for which this compensation is sought are, within the knowledge of the court, mainly derived from the papers in the case. There was no contest. There was no occasion for any extraordinary labor, and none was performed. A petition for the probate was presented, citations were issued and served on the proper parties, proof of due service was made, and on the return

day the will was admitted to probate on proofs chiefly prepared by a person other than McCaskie, and there the services ended, for which he seeks to recover five thousand dollars! I regret that such a mistake should be made in the outset of a professional career, which should be honorable and useful, and crowned with that measure of success which follows intelligent and patient industry and fair dealing.

I am not at liberty to receive any counter affidavit from the executrix, but the mere assertion of such a contract as is alleged exceeds belief. Had the executrix agreed to pay any such sum for such services, she would, by that act, have shown herself incompetent to discharge the duties of the office to which she was appointed. Had she paid the sum, and credited herself therewith, it would be stricken out on the accounting, and a reasonable amount substituted.

His counsel claims that, inasmuch as an answer has been interposed under the provisions of § 2710 of the Code, as amended in 1881, all that remains to the court is to dismiss the proceeding, because that answer alleges that McCaskie has an attorney's lien upon the property to the extent of the $5,000 he was to receive for his services. The statute says that, in case the person cited shall file an answer " that he is entitled to the possession thereof by virtue of any lien thereon," the Surrogate shall dismiss the proceeding. There is no allegation in the answer that he is entitled to the possession of any of the property in controversy. This is material. If the

property were wrongfully obtained, he is not entitled to the possession as against the executrix, and there can be no lien based upon a tortious possession. The property he holds consists of railroad bonds and stocks, promissory notes, bank stocks, coupons, etc. It is difficult to understand how the possession of such property, by an attorney, should be acquired or needed for the simple purpose of obtaining the probate of an uncontested will, any more than the possession of gold and silver plate, bank bills, a herd of cows, or a carriage and horses could be acquired and needed for such purpose. How he obtained them does not appear. It has been held (Metropolitan Trust Co. v. Rogers, 1 *Dem.*, 365) that where, in such a case, the party claims to be entitled to the possession of the property by virtue of any lien thereon or special property therein, he must allege the facts necessary to sustain the claim. He must make out, at least, a *prima facie* case. When he shall have done that, so that the court can see that there is a real question as to the right of possession, the Surrogate is then, and not until then, ousted of further jurisdiction, and must dismiss the proceeding. Here it is not done.

There is another reason why the proceeding should not be dismissed. If McCaskie has a just claim for services, it is not against the decedent or his estate, but against Mary P. De Lamater individually. The property in question is not hers. It belongs to the estate of Havens. How, then, can he have a lien upon the property of others for a debt which, he claims, she contracted?

The examination of McCaskie will, therefore, be proceeded with, unless he shall deliver up the property, the possession of which he admits; in which case there will be no necessity for further action in the matter.