Argued 2 December ; decided 29 December, 1902.

## WAITE *v.* WILLIS.

[70 Pac. 1034.]

PLEADING—MONEY HAD AND RECEIVED.

1. Under the general rule of code pleading that only the facts concerning the cause of action need be stated, it is no longer necessary, in actions for money had and received, to allege any fictitious promise to pay.

DECEDENT'S ESTATE—NATURE OF ATTORNEY'S EMPLOYMENT.

2. Under Section 1207 of B. & C. Comp., providing for the allowance to an executor or administrator of the necessary expenses of the care and settlement of an estate, the employment of an attorney is a personal matter, and not binding on the estate, though, if the services were necessary, the expense may be allowed in the final settlement. Of course, the attorney has no lien on the property of the estate for his services.

From Douglas: JAMES W. HAMILTON, Judge.

This is an action by F. B. Waite, the executor of the last will and testament of Fendal Sutherlin, deceased, against William R. Willis. Among other things, it is alleged by the complaint "that on or about the 18th day of September, 1901, the above named defendant, W. R. Willis, received and had for the use and benefit of plaintiff, from —— Crouch, the sum of $334.05, in lawful money of the United States." Then follow allegations of demand, the refusal to deliver, etc., and a prayer for judgment for the sum named. To this the defendant answered that he is an attorney duly admitted to practice; that he was on the 3d day of September, 1901, employed and retained by plaintiff as executor of the estate of Fendal Sutherlin, deceased, as attorney to conduct said estate to final settlement; that the money alleged to have been received by defendant was collected by him in the course of his employment; and

that a final settlement of the estate has not been effected,—and prays the dismissal of the action. A general demurrer to this answer having been sustained, a demurrer was interposed to the complaint and overruled; and, judgment being rendered in plaintiff's favor, the defendant appeals.            AFFIRMED.

For appellant there was a brief over the names of *William R. Willis* and *Dexter Rice,* with an oral argument by *Mr. Rice.*

For respondent there was a brief and an oral argument by *Mr. Oliver Perry Coshow.*

MR. JUSTICE WOLVERTON, after stating the facts, delivered the opinion of the court.

1. A question of practice is suggested at the outset, to the effect that by demurring to the complaint the defendant waived his plea in abatement; but it will be more satisfactory to reach a conclusion upon the sufficiency of the complaint, on the one hand, and that of the answer, on the other, and thereby finally settle the controversy. The specific objection to the complaint is that it does not appear therefrom that the defendant has money in his hands belonging to plaintiff. By a slight transposition of the phraseology, which will indicate more clearly the idea of the pleader, it alleges that the defendant had and received from one Crouch $334.05, in lawful money of the United States, to the use and benefit of plaintiff. Formerly it was essential, in a count for money had and received, to employ the fiction of a promise, but this is no longer required under the Code. The facts should now be stated out of which the cause of action arose, and the law will imply the promise: *Hammer v. Downing,* 39 Or. 504, 520, 521 (64 Pac. 651, 65 Pac. 17, 990, 67 Pac. 30). The complaint in question shows from whom defendant received the money, and to and for whose use and benefit it was received, namely, that of the plaintiff. This indicates whose money it was, and the law implies the requisite promise on the part of the defendant to render him liable to a money judgment: 14 Enc. Pl. & Pr. 53; *Stewart* v. *Phy,* 11 Or. 335 (3 Pac. 443); *Betts* v. *Bache,* 14 Abb. Prac. 279. The complaint is therefore sufficient.

42 OR.—19

2. The answer we deem defective in statement, but, waiving that, we are of the opinion the defendant has no legal basis upon which to found his defense. He was employed by the executor while administering the estate, and is not entitled to an attorney's lien for services rendered in that capacity upon the money or property of the estate coming into his hands professionally. · An executor or administrator may be allowed all necessary expenses incurred in the care, management, and settlement of an estate, including reasonable attorney's fees in any necessary litigation or matter requiring legal advice or counsel: B. & C. Comp. § 1207. Under this statute the employment of an attorney by an executor is a personal matter, in no way binding upon the estate. However, if the services are necessary, the executor or administrator may be allowed out of the estate a sufficient amount to compensate him for such employment: *McCullough's Estate,* 31 Or. 86 (49 Pac. 886). The attorney, therefore, having no claim against the. estate, can have no lien, under the statute, upon the property belonging thereto: *De Lamater* v. *McCaskie,* 4 Dem. Sur. .549. It follows that the matter sought to be interposed as a defense is inadequate and insufficient for the purpose, and the judgment must be affirmed.                    AFFIRMED.