Argued 4 October, decided 23 October, 1905.

### KEENE *v.* ELDRIEDGE.

82 Pac. 803.

PLEADING — CONSTRUCTION OF WHEN TESTED AT TRIAL.

1. When the sufficiency of a complaint is challenged by a demurrer or motion, it must be construed more strictly against the plaintiff than when the question arises on the admission of evidence, in which case all intendments are in favor of the complaint.

MONEY RECEIVED — SUFFICIENCY OF COMPLAINT.

2. Under B. & C. Comp. §§ 64, 67, providing that all forms of pleading in actions at law are abolished, and that the complaint shall contain a concise statement of the cause of action, a complaint showing that defendant received, as agent of plaintiff, certain sums belonging to plaintiff, and that plaintiff has demanded payment thereof, is sufficient, in the absence of demurrer or motion relating thereto, notwithstanding a failure to allege that the money was paid to defendant for the use of plaintiff, or that he promised to pay it to plaintiff.

MONEY RECEIVED — EVIDENCE AS TO CIRCUMSTANCES.

3. In an action for money received, evidence that the money was paid to the defendant at plaintiff's request, offered as tending to show that the money equitably belonged to plaintiff, is admissible, notwithstanding the fact that the complaint contains no allegation of defendant's promise to pay plaintiff the money received, the promise being implied, if not stated.

PLEADING — MONEY RECEIVED — VARIANCE.

4. Under an allegation of money received for plaintiff's account, it is not a variance to show that plaintiff conveyed certain land to defendant, who was to sell it and pay a stated debt, retaining an agreed sum out of the balance for plaintiff. :

From Marion : GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by A. C. Keene against Nancy C. Eldriedge for money had and received to plaintiff's use. The action was commenced by filing a complaint of which the following, omitting the formal parts, is a copy :

"First. That in Marion County, Oregon, on or about the 6th day of October, 1904, the defendant received from James Goffin, Arthur Goffin, Adolf Goffin, and Yda Goffin, as agent of plaintiff, the sum of $399.48, belonging to and on account of plaintiff, and which is now due.

Second. That thereafter, and prior to the bringing of this action, the plaintiff demanded payment thereof from the defendant.

Third. That the defendant has not paid the said sum of $399.48, or any part thereof, and refuses to pay the same."

— concluding with a prayer for judgment. Without interposing either demurrer or motion to this pleading, the defendant answered, denying each allegation of the complaint, and, a trial being had, the plaintiff introduced his testimony and rested, whereupon the court gave a judgment of nonsuit on the grounds (1) that plaintiff had failed to prove the cause of action set out in the complaint, (2) that there was a variance between the allegations of such pleading and of the proof, and (3) that no case had been established, because the complaint did not state facts sufficient to constitute a cause of action, and plaintiff appeals.                                    REVERSED.

For appellant there was a brief and an oral argument by *Mr. George Greenwood Bingham* and *Mr. Peter Henry D'Arcy.*

For respondent there was a brief over the name of *Carson & Cannon,* with an oral argument by *Mr. A. M. Cannon.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. The primary question to be determined is whether or not the complaint states facts sufficient to uphold a judgment, if rendered in plaintiff's favor. When the sufficiency of a complaint is challenged by demurrer or motion, it must be more strictly construed against the plaintiff than when that question arises on the admission of evidence, in which latter case all intendments in favor of the complaint are to be invoked: *Patterson* v. *Patterson,* 40 Or. 560 (67 Pac. 664); *McCall* v. *Porter,* 42 Or. 49 (71 Pac. 976); *Carlyle* v. *Sloan,* 44 Or. 357 (75 Pac. 217). When a complaint is filed and a copy thereof served, the defendant is given an opportunity to test its sufficiency by interposing a demurrer or motion, but, when he neglects to do so and answers to the merits, intending to question the adequacy of the pleading at the trial, by objecting to the admission of testimony, every intendment in favor of the averments of fact should be invoked and the objections summarily overruled, unless the complaint fails to state facts sufficient to constitute a cause of action, which defect is never waived nor cured by verdict.

2. Considering the principal inquiry involved, the statute provides that all forms of pleading in actions at law are abolished (B. & C. Comp. § 64), and the complaint shall contain a plain and concise statement of the facts constituting the cause of action, without unnecessary repetition: B. & C. Comp. § 67, subd. 2. In *Buchanan* v. *Beck,* 15 Or. 563 (16 Pac. 422), Mr. Justice THAYER, in speaking of the sufficiency of a complaint, says: "It has been held in a great majority of the states that the mode of pleading heretofore known as 'common counts' may still be employed, notwithstanding the adoption of the reformed system.

In this State, however, the right is denied. This court, in *Bowen* v. *Emmerson*, 3 Or. 452, held that the use of the general counts in assumpsit was wholly inconsistent with the theory of the Civil Code. The principle of that decision would not prevent a plaintiff from maintaining an action for money had and received for his use, provided he allege facts in his complaint sufficient to show that the money paid to the defendant justly and equitably belonged to the plaintiff." In *Waite* v. *Willis*, 42 Or. 288 (70 Pac. 1034), it was held, following the rule announced in *Stewart* v. *Phy*, 11 Or. 335 (3 Pac. 443), that a complaint alleging that the defendant received a certain sum of money for plaintiff's use and benefit was sufficient, thus apparently enlarging the rule theretofore announced. In deciding that case, Mr. Justice WOLVERTON says: "Formerly it was essential, in a count for money had and received, to employ the fiction of a promise, but this is no longer required under the Code. The facts should now be stated out of which the cause of action arose, and the law will imply the promise." It will be remembered that the complaint in the case at bar does not aver that the money received by the defendant was for plaintiff's use, but, in the absence of a motion to make the pleading more definite and certain, we believe that the averment that defendant, as plaintiff's agent, received from the persons named the money in question, belonging to and on account of plaintiff, states facts sufficient to constitute a cause of action, and that it would support a judgment based thereon.

3. An examination of the bill of exceptions shows that, because the complaint did not contain an allegation of the defendant's promise to repay the money she received, the court, over plaintiff's exception, sustained objections to the introduction of testimony offered by him tending to show that the Goffins paid the money in question to the defendant at plaintiff's request. The promise to pay the money

so received to plaintiff was reasonably implied from the averment of its receipt under the circumstances alleged in the complaint: (*Waite* v. *Willis*, 42 Or. 288, 70 Pac. 1034), and, this being so, an error was committed in sustaining objections to the testimony offered, tending "to show that the money paid to the defendant justly and equitably belonged to the plaintiff": *Buchanan* v. *Beck*, 15 Or. 563 (16 Pac. 422).

4. The bill of exceptions discloses that, when the case was called for trial, plaintiff's counsel stated to the jury:

"We expect to show that the plaintiff and defendant are brother and sister; that the father of the plaintiff and defendant, at the time of his death, left a will, by which he devised to the plaintiff and one W. H. Keene a farm, but required the plaintiff and W. H. Keene to pay certain indebtedness and a certain sum of money to the defendant and to Mrs. Harding, a sister of the plaintiff and defendant; that money was borrowed of Mrs. Harding to pay the indebtedness of the estate, and it was agreed between plaintiff and defendant and W. H. Keene that the lands should be mortgaged to Mrs. Harding, and that after the mortgage was given the plaintiff and W. H. Keene would convey the farm to defendant, who should sell the same and pay the amount due Mrs. Harding, and to the defendant the amount due her, and the surplus should be paid, one-half to W. H. Keene and one-half to A. C. Keene, this plaintiff; that the mortgage was delivered to Mrs. Harding as agreed upon, and that the deed was delivered to defendant as agreed upon; that a purchaser was found for the lands at a sum exceeding the amount due upon the mortgage and due to the defendant of $798.96; that a deed was made to the land by Mrs. Eldridge as agreed upon, and that she received from the persons named in the complaint the sum of $399.49, money due to the plaintiff as his share of the farm in excess of his indebtedness, and that this was the money sought to be recovered in this action."

The defendant's counsel, based on the foregoing statement, moved the court to grant a judgment of nonsuit, on

the ground that the cause of action thus outlined was not set out in the complaint. This motion was at first denied, but upon a renewal thereof was granted, and it is insisted by defendant's counsel that the judgment rendered ought not to be disturbed, because it appears from the statement of plaintiff's counsel that the money in question was the property of the defendant. It would appear from such statement that the money received by the defendant was derived from the sale of a farm which was conveyed to her by the plaintiff and his brother for the purposes stated, which, in our opinion, are not so variant to the facts alleged in the complaint as to defeat the action.

The judgment of the court below seems to have been based on the alleged insufficiency of the complaint, but, deeming that pleading, in the absence of a motion to make it more definite and certain, adequate, the judgment is reversed, and the cause remanded for a new trial.

REVERSED.