Decided February 4, 1908.

## HORNEFIUS *v.* WILKINSON.

[93 Pac. 474.]

ASSUMPSIT, ACTION OF—PLEADING.

1. Where the complaint in an action of assumpsit for money had and received, fails to allege that the money intrusted to defendant was the property of plaintiff, or that there was any consideration for the transaction, and the absence of such averment is supplied by the answer, from which it can be clearly inferred that the money was the property of plaintiff. the defect will be cured by a verdict for plaintiff.

ACTION—WAIVER OF TORT.

2. In an action for money received, for money given to defendant to invest with his own, with which he purchased a mortgage, selling the mortgage without accounting to plaintiff for the proceeds, the claim in tort can be waived, and the action brought on implied contract.

ASSUMPSIT, ACTION OF—GROUNDS.

3. In assumpsit for money received and converted by defendant, although it is claimed that the proof merely shows defendant to have been plaintiff's agent, and that the action should have been *ex delicto* and not *ex contractu*, the right to elect to proceed on the contract and to waive the tort, is the privilege of plaintiff, and not of defendant, and . having so elected she is entitled to have the verdict construed to support the judgment, if possible.

EVIDENCE—DOCUMENTARY EVIDENCE—LETTERS—ALTERATIONS.

4. Letters with alterations in immaterial parts are admissible in evidence without accounting for the alterations under Section 800, B. & C. Comp., providing that a party introducing a writing altered as to a material part shall account therefor.

APPEAL—ADMISSIONS—HARMLESS ERROR—EVIDENCE.

5. In assumpsit for money had and received, the error of admitting in evidence a draft for $125 sent to plaintiff and containing the initials of defendant's name, without further identification to show a payment of the amount of the draft, was harmless, where defendant admitted the payment to plaintiff of that amount.

From Umatilla: HENRY J. BEAN, Judge.

Action by Louisa Hornefius against William J. Wilkinson for money had and received. From a judgment in favor of plaintiff, defendant appeals.     AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. Douglas W. Bailey* and *Mr. William M. Peterson.*

For respondent there was a brief and an oral argument by *Mr. Gilbert W. Phelps.*

MR. COMMISSIONER KING delivered the opinion.

This is an action to recover $1,500, with interest, alleged to have been delivered and intrusted to defendant

by plaintiff under an express and implied contract of repayment on demand, on which contract it is averred that defendant on January 1, 1902, acknowledged $1,600 to be due plaintiff, which he then and there agreed to pay, but had, after repeated requests, neglected and refused to do.

The complaint is in the usual form for money had and received; failing, however, to allege that it was the property of plaintiff, and that there was any consideration for the transaction. The answer admits the receipt of the money referred to, and asserts that it was received by defendant for the purpose of loaning it for plaintiff with money of his own, the profits from which were to be divided between them in proportion to their respective interests; and that in response to her request from time to time for current expense money, he had advanced various sums to plaintiff, aggregating $710; that the funds were loaned as requested and in the manner agreed, but that, through no fault of defendant, but owing to unfortunate investments, the money of both was lost, on account of which his liability is denied. A reply being filed placing the cause at issue, trial was had, resulting in a verdict and judgment as demanded.

Defendant assigns as error: (1) The admission of a certain check in evidence without sufficient identification; (2) the admission in evidence of certain letters offered, in which erasures appear without first accounting therefor; (3) the refusal of the court to grant defendant's motion for a nonsuit. The points named will be treated, in their inverse order. Other questions were raised, both in the pleadings and at the trial, not indicated either in the foregoing synopsis of issues stated or errors suggested, which, not being before us, will pass unnoticed. Independent of the letters offered, an examination of the testimony discloses sufficient evidence in support of plaintiff's averments to be submitted to the jury. It appears from the testimony that plaintiff furnished the money as

alleged, and that defendant purchased a mortgage with it which he afterwards sold, without accounting for the proceeds thereof. The receipt of the money is substantially admitted by the answer, and, as stated, the proof on the other points is sufficient to support the verdict.

1. It is insisted, however, that the complaint does not state sufficient facts to constitute a cause of action, nor to warrant a judgment under the testimony offered, in respect to which it is maintained that the complaint omits stating that the money intrusted and delivered to defendant was the property of the plaintiff, and that, in the absence of this averment, it must be presumed to be the property of defendant, making a sufficient consideration for its return an essential allegation. This contention overlooks the important feature that the absence of these averments, if considered otherwise necessary, is supplied by the answer, from which it can clearly be inferred that the money furnished was the property of plaintiff. And this is also sustained by testimony offered without objection to that effect, which, in the absence of a demurrer to the complaint and after verdict, is sufficient: *Nicolai* v. *Krimbel,* 29 Or. 76 (43 Pac. 865) ; *Patterson* v. *Patterson,* 40 Or. 560 (67 Pac. 664) ; *Keene* v. *Eldriedge,* 47 Or. 179 (82 Pac. 802) ; *Madden* v. *Welch,* 48 Or. 199 (86 Pac. 2) ; *Bade* v. *Hibbard,* 50 Or. 501 (93 Pac. 364).

2. It is further maintained in this connection that the motion for nonsuit should have been allowed on the theory that the facts proved do not support the averments of the complaint, in support of which it is argued that the proof merely shows defendant to have been an agent of plaintiff, and that, if any cause of action is shown, it is *ex delicto* and not *ex contractu,* and our attention is directed to some authorities supporting this position ; but we find the weight of authority supports the rule, and we believe it the better one, that in cases of this kind the claim in tort can be waived and the action brought upon an implied contract: Pomeroy's Code Rem. (3 ed.), §§ 493, 571.

3. This is certainly the settled rule in this state; and the question of the election is with the plaintiff, and not with the defendant: *Miller* v. *Hirschberg,* 27 Or. 522 (40 Pac. 506). It is immaterial whether defendant rightfully or wrongfully received the money, for, as announced in *Peterson* v. *Foss,* 12 Or. 81, 82 (6 Pac. 397) "whenever one person obtains possession of money which, *ex aequo et bono,* belongs to another, the latter may maintain an action to recover it." The defendant having received and wrongfully converted to his own use money to which it is practically conceded plaintiff is entitled, he cannot insist that plaintiff shall waive her contract and sue in tort for damages. She was entitled to adopt the form of action which she preferred, and, having elected to proceed in assumpsit, is entitled to have the verdict of the jury construed to support the judgment, if it can be done without violating the well-settled rules of law. See, also, *Crown Cycle Co.* v. *Brown,* 39 Or. 285 (64 Pac. 451); *Humbird* v. *Davis,* 210 Pa. 311 (59 Atl. 1082); *Hindmarch* v. *Hoffman,* 127 Pa. 284 (18 Atl. 14: 4 L. R. A. 368: 14 Am. St. Rep. 842).

4. It is maintained that the letters offered should not have been admitted in evidence, and that the court erred in submitting them to the jury with the erasures thereon. It appears from Section 800, B. & C. Comp., and from the interpretation thereof by this court in *Simpkins* v. *Windsor,* 21 Or. 382 (28 Pac. 72), that the party producing an altered writing as genuine after its execution or making, in a part material to the dispute in question, shall account for the appearance or alteration, and further provides, that it shall not be admitted in evidence unless the party producing it shows that the alteration was made by another without his concurrence, or was made with the consent of the parties affected by it, or that the alteration did not change the meaning or language of the instrument. With the exception of three or four words, the contents of the letters can be read with reasonable

effort, and it is not only apparent from the letters them-selves that the erasures were made merely for the pur-pose of omitting some of the immaterial matters in them, and connected only with matters not in dispute, but it is evident that the partially erased words consist of a part of only the immaterial portion thereof, which we think clearly comes within the rule intended by the statute.

5. The other error assigned relates to a certain draft for $125, sent to plaintiff by the bank of Athena, Or., containing the initials "W. J. W.," which it is insisted should not have been submitted to the jury without fur-ther identification. It is only claimed for this draft that it tends to prove a payment by defendant of the amount there indicated, and since he admits this payment, the proper identification thereof becomes immaterial, for it could not have in any way misled the jury, and the error, if it can be deemed such, was harmless.

The judgment of the court below should be affirmed.

AFFIRMED.

---

Decided February 4, 1908.