Submitted on Briefs without argument October 28, decided November 26, 1912.

### WAGENER *v.* UNITED STATES NAT. BANK.

(127 Pac. 778.)

**Money · Received—Over-Payment—Right of Recovery.**

Where a debtor owing 67 cents gives his check reading in figures $.67 and in words "sixty-seven and no-100 dollars," and the bank pays out $67 thereon and charges same to the debtor's account, an action will lie by the debtor against the creditor to recover the amount received by it in excess of that to which it was entitled.

From Union:  JOHN W. KNOWLES, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by George J. Wagener against the United States Nat. Bank of La Grande, to recover the sum of $66.33 which it is alleged the defendant received from the plaintiff for the use of the latter and has not repaid.  The action was tried on the general issue tendered by the answer and resulted in a verdict and judgment for the plaintiff for the amount claimed, and the defendant appeals.                               AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Francis S. Ivanhoe.*

For respondent there was a brief and an oral argument by *Mr. Charles H. Finn.*

MR. JUSTICE BURNETT delivered the opinion of the court.

On August 15, 1911, the plaintiff paid a note, held against him by the defendant, the principal of which was $200, which he paid in cash.  The interest due upon the same was 67 cents, in payment of which he gave his check on the La Grande National Bank, where he had a checking account with funds on deposit to his credit.  The check reads as follows:

"La Grande, Oregon, Aug. 15, 1911.

LA  GRANDE  NATIONAL  BANK

*Pay to the Order of* U. S. National Bank————$.67
Sixty-seven and no-100 ————————————*Dollars.*
"Geo.  J.  Wagener."

It will be noticed that the figures on the face of the check consist of a dollar mark ($), a decimal point (.), and the digits six, seven (67), indicating 67 cents, while the written part is "sixty-seven and no-100 dollars," indicating the latter amount.  There is no question raised in the testimony but what 67 cents was the exact

amount of interest due on the note, and that the principal of $200 was paid in coin; the check being given to cover the interest. It appears in the evidence that at that time there existed between the La Grande National Bank and the defendant, the United States National Bank of La Grande, a custom of making daily clearance of checks drawn against each other which had come into the possession of each bank. The clearance was accomplished in this manner: About 1 o'clock of each business day, the La Grande National Bank, by its representative, would attend at the banking house of the defendant and present the checks drawn against the latter which had come into the possession of the former, together with a list of the same; at the same time the defendant would present checks in its possession drawn against the La Grande National Bank, with a list of the same. These lists were compared, and if they were found to be correct a balance was struck which was settled by the bank against whom it appeared, generally by New York Exchange, in favor of the other, or in cash if the balance was small. Ordinarily this method was observed for a week, when, for the succeeding week, the settlement would be made at the La Grande National Bank. In the ordinary course of business the check in question was put through the clearance process, as the defendant contends, at 67 cents, and as plaintiff contends at $67. Some time in October, 1911, the La Grande National Bank rendered to the plaintiff a statement of account charging him with this check at $67. Contending that the defendant had received on account thereof $67 instead of 67 cents, he demanded from it the difference, $66.33, payment of which having been refused, this action was instituted, with the result above noted.

On this appeal the defendant presents the single question which may be thus stated: In respect to the money which the plaintiff had deposited in the La Grande

National Bank, that bank was the debtor to the plaintiff only, and if it paid to the defendant $67 on the check in question, the money paid was not that of the plaintiff but the money of the La Grande National Bank, and hence the bank and not the plaintiff is the party to sue the defendant for the money had and received. This question was urged in the circuit court on a motion for nonsuit on a motion for a directed verdict, and by various requests to instruct the jury, all of which were denied. We think, however, it is not necessary for the plaintiff to show that the money to which he had title, like he had to his horse or his cow, was received by the defendant to sustain this cause of action. It is sufficient if he show that by any process, which was treated by the parties as a money transaction, the defendant has received money or its equivalent which, in equity and good conscience, belongs to and should be paid to the plaintiff, and this is true although the plaintiff may never have had actual manual custody of the specie in question. We quote from the case of *Mathewson* v. *Eureka Powder Works,* 44 N. H. 289: "The rule that the action for money had and received lies only where one party has received and has in his hands money which he has no right to retain has been long since relaxed; and it is sufficient to sustain the action that something has been received by the defendant which, under the circumstances of the case, ought, as between the parties, to be regarded as money. *Willie* v. *Green,* 2 N. H. 335; *Wheat* v. *Norris,* 13 N. H. 178. Thus the bills of a private bank, deposited and received as money, are deemed money (*Pickard* v. *Banks,* 13 East, 20; *Mason* v. *Waite,* 17 Mass. 560); and so are negotiable notes, if received as money. *Clark* v. *Shee,* Cowp. 200. In a loan of money a gold toothpick, estimated at a certain price, and forming part of a sum loaned, is to be deemed money. *Barber* v. *Parker,* 1 H. Bl. 288. A check was held to be money,

being treated as such. *Spratt* v. *Hobhouse,* 4 Bing. 179. Anything, it is said (13 N. H. 179), received as payment, and which amounts to payment in respect to the party receiving it, is deemed money. Thus an attorney who receives land, or other things, in his own right, and discharges his client's debt, will be chargeable for money. *Beardsley* v. *Root,* 11 Johns. [N. Y.] 464 (6 Am. Dec. 386) ; *Floyd* v. *Day,* 3 Mass. 403 (3 Am. Dec. 171) ; *Ward* v. *Evans,* 2 Ld. Raym. 928; *Arms* v. *Ashley,* 4 Pick. (21 Mass.) 71; *Ainslie* v. *Wilson,* 7 Cow. 668; *Hemmenway* v. *Bradford,* 14 Mass. 122; 2 Greenl. Ev. Section 118."

In the case of *Tinslar* v. *May,* 8 Wend. (N. Y.) 561), the defendant by mistake received credit for more than he paid in settling and paying a note and mortgage which were discharged. The court sustained an action for the excess as for money had and received. In the case of *Dechen* v. *Dechen,* 59 App. Div. 166 (68 N. Y. Supp. 1043), a bank paid a deposit to the wrong party, and the person in whose favor the deposit had been made maintained this action against the one receiving the money. The plaintiff had never had the actual custody of the money; the deposit having been made to his credit by a stranger to the suit. In *Earle* v. *Whiting,* 196 Mass. 371 (82 N. E. 32), a daughter, by means of an order drawn in her favor, but never delivered to her, obtained a transfer of her father's bank account to that of her own. The father maintained an action against her estate to recover for money had and received by the decedent to his use. In *Town of Newburyport* v. *Spear,* 204 Mass. 146 (90 N. E. 522: 134 Am. St. Rep. 652), a city treasurer gave checks on the city bank account in payment of his own debt. The defendant, in whose favor they were drawn, deposited them to his credit in the bank in the usual course of business, but the city was successful in this form of action against that defendant. In the case of *Rudisill* v. *Handley,* 9 Ga. App. 789 (72

S. E. 189), a cashier of a bank by mistake credited a customer with $200 too much, and the bank on that state of the account delivered to the customer two shares of its stock for which that amount was supposed to have been paid. The cashier, being charged with the shortage, replaced the money, contending all the while that it was a mistake in the entry and was allowed to recover of the customer for money had and received, although no coin had ever passed between them. In *Whitton* v. *Barringer,* 67 Ill. 551, a principal debtor on a promissory note paid it in full to his deceased surety's administrator on the pretense of the latter that the estate was liable for the debt and had allowed a claim against it for the amount due on the note. The court sustained the payee of the note in this form of action against the administrator personally. In the case at bar the check in question was confessedly given to and received by the defendant in payment of some amount of money, and if by error the check was drawn and collected at a larger amount than was justly due to the defendant, it ought in equity and good conscience to repay the surplus and, failing to do so, this form of action will lie against it. We do not decide that the defendant collected 67 cents or $67. That was purely a question for the jury to determine. What we do decide is that, if the defendant collected $67 instead of 67 cents in the manner described, this form of action will lie against it for the difference.

The judgment of the court below is affirmed.

AFFIRMED.