Argued February 8, affirmed March 15, 1927.

# SHELL COMPANY OF CALIFORNIA v. JAMES C. O'REILLY.

(253 Pac. 1046.)

**Appeal and Error—Where Transaction Involves Numerous Debit and Credit Entries, Order of Reference will not be Disturbed on Appeal.**

1.  Where, in judgment of trial, order of reference of an account containing numerous entries of debit and credit was necessary, its conclusions will not ordinarily be disturbed on appeal.

**Appeal and Error—On Appeal from Trial by Referee, Court can Only Look to Report of Testimony to Determine Sufficiency of Evidence to Support Referee's Conclusion (Or. L., §§ 166–168).**

2.  Trial by referee is like trial by court without a jury, in view of Sections 166–168, Or. L., and, on appeal, appellate court can

---

2.  See 2 R. C. L. 211.

only look to the report of testimony to ascertain whether evidence is sufficient to support referee's conclusion.

**Appeal and Error—Supreme Court Does not Try Issues Anew on Appeal from Trial by Referee.**

3. Supreme Court does not try anew issues as in equity cases on appeal from trial by referee.

**Reference—Referee's Filing of Findings and Conclusions Several Days After Filing Report of Testimony Held not Material Error.**

4. It is not material error for referee to first file report of testimony and a few days later to file findings and conclusions; such action being analogous to action of court in sending jury back for further consideration of their verdict, if not in proper form as provided in Section 150, Or. L.

**Money Received—Employee's Cashing Gasoline Coupons, Which Belonged to Employer, Held to Give Rise to Action for Money had and Received.**

5. Evidence that an employee of gasoline company cashed gasoline coupons to his own use, and by this process received money which belonged to employer, *held* to give rise to action for money had and received.

Appeal and Error, 4 C. J., p. 807, n. 15, p. 890, n. 92, 94, p. 891, n. 1.

Money Received, 41 C. J., p. 28, n. 5, p. 31, n. 12.

References, 34 Cyc., p. 783, n. 58, p. 784, n. 59, p. 796, n. 82, p. 810, n. 53, p. 852, n. 37.

From Marion: PERCY R. KELLY, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief over the name of *Mr. Donald W. Miles,* with an oral argument by *Mr. Robin D. Day.*

For respondent there was a brief over the name of *Messrs. Smith & Shields,* with an oral argument by *Mr. Roy F. Shields.*

BURNETT, C. J.—In substance, the complaint charges that during the period between January 1, 1923, and October 15th of the same year the defendant was an employee of the plaintiff and as such re-

ceived from the latter and nineteen other persons named divers sums of money belonging to the plaintiff, aggregating $7,924.30, which he has ever since had and held for the use and benefit of the plaintiff and refuses to pay although demand therefor has been made. The entire complaint is denied by the answer and, as new matter, the defendant avers that at all times mentioned he was an employee of the plaintiff; that plaintiff was engaged in selling oils and gasoline to service stations, garages and to the public; that it sold coupon books to the general public and indirectly but not directly to service stations and garages who were disposing of gasoline for a profit. It is said in the answer that the plaintiff had a verbal agreement with certain service stations to deliver them certain coupon books provided some of their customers would sign for them and the stations would pay for them, but that the amount of the transaction was unknown to the defendant; that the defendant has never received any money for the use of the plaintiff.

A counterclaim is asserted in the sum of $400, alleged to have been loaned by the defendant to one L. L. Lynn to enable him to pay an indebtedness to the Standard Oil Company with a view of obtaining his business for the plaintiff. The counterclaim and the allegations about the sale of coupon books are denied by the reply.

On motion of the plaintiff and against the consent of the defendant, the court referred the case to a referee, who heard the testimony, returned to the court a transcript thereof without any further report upon the issues and later reported findings of fact and conclusions of law to the effect that the plaintiff was entitled to recover judgment against the defend-

ant for $7,924.30, together with interest on said amount from the fifteenth day of October, 1923, at the rate of 6 per cent per annum, and for costs and disbursements. Judgment was rendered accordingly and the defendant has appealed.

Supporting the motion of the plaintiff for reference is an affidavit to the effect that the trial of the issue would involve an examination of the accounts of all the persons named in the complaint both between said persons and the plaintiff and between them and the defendant, ranging in amounts from $9.54 to $1,373.11, most of which transactions involve numerous entries of debit and credit; likewise, that the trial would involve examination of the status of the accounts between the plaintiff and two service stations operated by the defendant, extending over several months. Although this affidavit was opposed by one made by the defendant, the court referred the matter as stated with the result mentioned.

1. The principal contention of the defendant on this appeal is that it was error to refer the case in the manner stated in that it deprived the defendant of the right of a trial by jury. In *Salem Traction Co.* v. *Anson,* 41 Or. 562 (67 Pac. 1015, 69 Pac. 675), similar issues were involved but a considerable less number of accounts. The court, speaking by Mr. Justice ROBERT S. BEAN, disposed of the matter as follows:

"As to what constitutes such an account, within the meaning of the statute, has not been, and, in the nature of things, cannot be, exactly determined. Each case must depend upon its own facts: *Mitchell* v. *Oregon Flax Assoc.,* 38 Or. 503 (63 Pac. 881).

"Where, however, the conclusion can be fairly drawn from facts disclosed by affidavit, or upon the face of the pleadings, that so many separate and distinct items will be litigated or examined that a jury

cannot keep the evidence in mind in regard to each item, the case may be referred; and where there is a conflict in the evidence, or there is reasonable ground for controversy, as to whether the issue involves the examination of such an account, and the court below has decided to refer the cause, its conclusion will not ordinarily be disturbed on appeal. It is only when it clearly appears that no such account can be involved that an order of reference will be reversed: *Welsh* v. *Darragh,* 52 N. Y. 590.''

In the Anson case the court held there was no error in the order of reference and that precedent governs the instant case.

2, 3. The trial by referee is conducted like a trial before the court without a jury and upon motion to set aside the report, the conclusions thereof shall be deemed and considered as the verdict of a jury: Sections 166, 167 and 168, Or. L.  Under such circumstances, this court can only look into the report of the testimony for the purpose of ascertaining whether there was any evidence competent to support the conclusion of the referee.  We do not try the issue anew as in equity cases.  The admissions of the defendant to the plaintiff's manager as narrated by the latter are sufficient to have taken the case to the jury if that had been the method of trial and hence are potent in support of the findings here.

4. Objection was made that the referee first filed a report of the testimony and then a few days later filed the findings and conclusions.  No material error is predicable of such a proceeding.  It it analogous to the right of the court to send the jury back for further consideration of their verdict if the same is not in proper form, as provided in Section 150, Or. L.

5. The testimony tends to show that the plaintiff customarily issued books of tickets which would be

received in payment for gasoline sold at the plaintiff's service stations. These books were bound in denominations of $10 and $20 each and each ticket would be received at the plaintiff's stations at the amount stated thereon in payment for gasoline. There is evidence to the effect that the defendant took these books and returned the tickets in payment of so much gasoline said to have been sold by him to various parties when in fact there was no such sale and that he actually received and cashed the coupons to his own use. The evidence indicates that by this process he actually took into his possession money which really, as between himself and the plaintiff, belonged to the latter. His manipulation of the tickets was treated as a money transaction giving rise to the *quasi*-equitable action of money had and received. The subject is treated at some length in *Wagener* v. *United States Nat. Bank,* 63 Or. 298 (127 Pac. 778, 42 L. R. A. (N. S.) 1135).

There is no error apparent in the record and the judgment is affirmed.                    AFFIRMED.

McBRIDE, BEAN and BROWN, JJ., concur.