Argued April 14, affirmed July 6, 1955

SNOW *v.* TOMPKINS ET AL

286 P. 2d 119

*C. E. Wheelock,* of Portland, argued the cause for appellants. On the brief were Wheelock & Richardson and Russell R. Niehaus, of Portland.

*Donald C. Walker,* of Portland, argued the cause for respondent. On the brief were Phelps, Burdick & Walker, of Portland.

Before WARNER, Chief Justice, and LUSK, BRAND and PERRY, Justices.

BRAND, J.

Robert H. Snow, Jr., brought this action to recover $2,000, with interest. He alleges that the defendants are indebted to the plaintiff in the sum of $2,000 money had and received on or about the 5th day of April, 1951. He alleges that the sum is due, owing, and unpaid, and that demands have been made therefor, and prays judgment. The answer is a general denial. The cause was tried by a jury and a verdict was returned in favor of the plaintiff for the sum demanded. Judgment was entered on the verdict and the defendants appeal.

This case raises a question of law. The defendant Morton Tompkins was the owner of a 72-acre peach and nut farm located on Grand Island, Yamhill County, Oregon. On 5 April the plaintiff executed an earnest money agreement for the purchase of the farm, which

was signed by the vendor. The purchase price was $40,000, and $2,000 was paid as earnest money. The plaintiff refused to consumate the deal and the defendants refused, on demand, to return the $2,000, claiming that it had been forfeited. We quote from the brief of the defendants:

"At the trial, evidence was offered on behalf of Respondent and introduced over objection of Appellant that fraudulent misrepresentations induced Respondent to enter into the earnest money agreement. The case was submitted to the jury on this theory and the Court's instructions covered the subject of fraud."

The defendants stand upon the legal proposition that evidence of fraud was inadmissible in an action for money had and received. There is no serious contention by the defendants in their brief that the evidence of fraud was insufficient to go to the jury, if such evidence was admissible in view of the nature of the pleadings. There are four assignments of error only. By the first, the defendants contend that the court erred in receiving evidence of false representations. By the second, they except to the denial of their motion for nonsuit and argue that the evidence which was admitted with relation to fraud was not admissible under the pleadings. By the third assignment it is contended that the court erred in denying defendants' motion for a directed verdict for the reasons previously set forth. The fourth assignment challenged the sufficiency of the complaint which the defendants at the time of trial conceded to be one which stated a good cause of action. We address ourselves to the question whether, under the circumstances of this particular case, the evidence of fraud inducing the transaction, was admissible in this type of action.

■ The technical nature of this defense does not commend itself to a court of law when considering an action in assumpsit in which decision must be upon the basis of equity and good conscience. The argument is earnestly made that defendants had a right to know in advance the particular acts and things giving rise to the fraud, and that the fraud should therefore have been alleged. The argument is somewhat weakened in the instant case because the plaintiff, in his original complaint, specifically alleged fraudulent representations with reference to the susceptibility of the property to flooding during periods of high water. An amended complaint was filed whereby the plaintiff waived the tort and proceeded upon implied contract, under the common counts, but the evidence of fraud which was received in the trial on the action of assumpsit, related to the same matter which was alleged as fraud in the original complaint. Defendants neither moved against nor demurred to the amended complaint in assumpsit. They well knew the factual basis of the plaintiff's claim. The fact that in a tort action for fraud, facts constituting the fraud must be set forth in the pleading, does not necessarily require the conclusion that the same allegations concerning fraud must be made in an action on implied contract for money had and received. Briefly stated, the evidence presented by the plaintiff in the case at bar was to the effect that he was induced to purchase the property or to sign the earnest money agreement by fraudulent representations of the defendants, to the effect that the land was not subject to flooding, whereas in truth the land was subject thereto. The issue of the admissibility of such evidence was directly presented to the trial court. The defendant contends that the conventional allegation for money had and received, supported by

evidence that the money had been paid under the inducement of fraudulent representations, is violative of the provisions of the statute, ORS 16.210, which require that the complaint shall contain a plain and concise statement of the facts constituting the cause of action, without unnecessary repetition. It may be that proceeding under the common counts does represent some divergence from the theory of code pleading, but the question cannot be determined without the examination of the authorities.

The defendants might perhaps claim some support from two early Oregon cases; *Buchanan v. Beck,* 15 Or 563; and *Bowen v. Emmerson,* 3 Or 452. These cases were reviewed and disapproved in *Keene v. Eldriedge,* 47 Or 179, 82 P 803. In that case the complaint alleged that the defendant received from persons named as agents of the plaintiff, a specified sum of money belonging to and on account of plaintiff. It alleged that the sum was due and that payment had been demanded and that no payment had been made. No motion or demurrer was filed. The trial court held that the abbreviated complaint failed to state a cause of action. Plaintiff appealed and judgment for the defendant was reversed. This court said:

"Considering the principal inquiry involved, the statute provides that all forms of pleading in actions at law are abolished (B. & C. Comp. § 64), and the complaint shall contain a plain and concise statment of the facts constituting the cause of action, without unnecessary repetition: B. & C. Comp. § 67, subd. 2. In Buchanan v. Beck, 15 Or. 563 (16 Pac. 422), Mr. Justice Thayer, in speaking of the sufficiency of a complaint, says, 'It has been held in a great majority of the states that the mode of pleading heretofore known as "common counts" may still be employed, notwithstanding the adoption of the reformed system. In this State, how-

ever, the right is denied. This court, in Bowen v. Emmerson, 3 Or. 452, held that the use of the general counts in assumpsit was wholly inconsistent with the theory of the Civil Code. The principle of that decision would not prevent a plaintiff from maintaining an action for money had and received for his use, provided he allege facts in his complaint sufficient to show that the money paid to the defendant justly and equitably belonged to the plaintiff.' In Waite v. Willis, 42 Or. 288 (70 Pac. 1034), it was held, following the rule announced in Stewart v. Phy, 11 Or. 335 (3 Pac. 443), that a complaint alleging that the defendant received a certain sum of money for plaintiff's use and benefit was sufficient, thus apparently enlarging the rule theretofore announced. In deciding that case, Mr. Justice Wolverton says: 'Formerly it was essential, in a count for money had and received, to employ the fiction of a promise, but this is no longer required under the Code. The facts should now be stated out of which the cause of action arose, and the law will imply the promise.' It will be remembered that the complaint in the case at bar does not aver that the money received by the defendant was for plaintiff's use, but, in the absence of a motion to make the pleading more definite and certain, we believe that the averment that defendant, as plaintiff's agent, received from the persons named the money in question, belonging to and on account of plaintiff, states facts sufficient to constitute a cause of action, and that it would support a judgment based thereon.'' 47 Or 179 at 181.

■ The right to employ the count for money had and received is not limited to cases arising solely out of contract. In 4 Am Jur, Assumpsit, § 14, page 503, we find the following statement:

"Where a contractual relationship exists between persons, and at the same time a duty is superimposed by or arises out of the circumstances sur-

rounding or attending the transaction, the violation of which duty constitutes a tort, the tort may be waived and assumpsit may be maintained, because the relation of the parties out of which the duty violated grows has its inception in contract. * * *"

From the same text we quote the following:

"Where a person obtains money of another by compulsion, extortion, oppression, or fraud, an action for money had and received will lie to recover it. * * *" 4 Am Jur, Assumpsit, § 23, page 513.

*In re Anderson's Estate,* 157 Or 365, 71 P2d 1013, is in many respects similar to the one at bar. The question arose in the probate court. The facts were as follows: The plaintiff bank had paid to Anderson, a retired employee, a pension. The payments were made in reliance upon the fraudulent representations of Anderson as to his impoverished condition. On the death of Anderson, and upon discovery of the fraud, the bank presented a claim to the probate court for reimbursement. When the final account was filed, the state treasurer objected to the allowance therein of the claim of the bank. The objections were sustained in the circuit court and the bank appealed. This court held that the question was whether there was an express or implied agreement between Anderson and the bank to repay the sums advanced to him. The court held that "the law implies a promise to refund whenever one person receives money of another which, in equity and good conscience, he is not entitled to retain." The court cited with approval *Smith v. Rubel,* 140 Or 422, 426, 13 P2d 1078, 87 ALR 644. In *Smith v. Rubel,* the plaintiff brought an action for money had and received. The record discloses that the plaintiff in his complaint set forth in detail the facts upon which he

relied. The court said an action for money had and received, although an action at law, is governed by equitable principles. It is "greatly favored by the courts." It was held that where the defendant received money as a result of error of fact, he might recover it by an action for money had and received. If the plaintiff can recover for money had and received when he pays it to another party by his own mistake of fact, why can he not also recover when his mistake of fact is induced by the fraud of the defendant?

The authorities in this state sustain the proposition that when the defendant has received money from plaintiff which he should not in equity and good conscience retain, a promise to pay is implied and the plaintiff may waive the tort and sue in assumpsit for money had and received and need no longer allege any promise to repay the money wrongfully withheld. In this case and in the absence of any motion to make more definite and certain or of any demurrer, we hold that the complaint in the pending case was sufficient and the court did not err in submitting the issue of fraud to the jury. On that issue the jury found for the plaintiff. We are bound by their verdict. The following authorities tend to support our conclusion: *Hoxter v. Poppleton,* 9 Or 481; *Peterson v. Foss,* 12 Or 81; *Mellott v. Downing,* 39 Or 218, 64 P 393; *Waite v. Willis,* 42 Or 288, 70 P 1034; *Hornefius v. Wilkinson,* 51 Or 45, 93 P 474; *Wagener v. United States National Bank,* 63 Or 299, 127 P 778; *Edwards v. Mt. Hood Constr. Co.* 64 Or 308, 130 P 49; *Baker City Mercantile Co. v. Idaho Cement Pipe Co.,* 67 Or 372, 136 P 23; *Powder Valley State Bank v. Hudelson,* 74 Or 191, 144 P 494; *Gellert v. Bank of California Nat. Ass'n.* 107 Or 162, 214 P 377; *Vanderpool v. Burkitt,* 113 Or 656, 234 P 289; *Sharp v. McCargar,* 114 Or 435, 236 P 262; *Craven v. Wright,*

114 Or 692, 236 P 1043; *Shell Co. of California v. O'Reilly,* 121 Or 215, 253 P 1046; *Fitzgerold v. Nelson,* 159 Or 264, 79 P2d 254; *Keegan v. Lenzie,* 171 Or 194, 135 P2d 717; 4 Am Jur, Assumpsit, §§ 14 and 15, pages 503 and 504.

While the common counts have been employed in this state, and have been held sufficient in the absence of motion or demurrer, it is nevertheless true that in most cases in which action has been brought for money had and received, the facts giving rise to the cause of action have been set forth in some detail.

When, in the pending case, the plaintiff waived the tort and sued in assumpsit, there was no reason why he might not have been required, upon a motion to make more definite and certain, to set forth the facts of the alleged fraud. All of the objections now insisted upon by the defendant would have been satisfied had such a motion been made. It appears, however, that the defendants preferred to stand upon a technical rule of pleading as understood by them, and go to trial relying upon the alleged insufficiency of the allegations in assumpsit, without requiring further information as to the nature of the cause of action. The reason is obvious.

■ The judgment is affirmed. Nothing in this opinion is to be taken as impairing the well-established rule that in actions for fraud sounding in tort, the fraud must be alleged.