352 December 31, 2025 No. 1163

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Sanjeev LAHOTI,
an individual; Angela Summers, an individual;
and Saffron Fields Vineyard, LLC, an Oregon limited
liability company,
*Plaintiffs-Respondents,*

*v.*

C-R CONSTRUCTION, LLC,
dba Rogers & Rogers Construction, an Oregon limited
liability company,
*Defendant-Appellant,*

*and*

Christopher Alan ROGERS,
an Oregon resident,
*Defendant.*

Yamhill County Circuit Court
19CV27339; A184615

C-R CONSTRUCTION, LLC,
an Oregon limited liability company,
*Plaintiff-Appellant,*

*v.*

SAFFRON FIELDS VINEYARD, LLC,
an Oregon limited liability company,
*Defendant-Respondent.*
Yamhill County Circuit Court
19CV38928; A184614 (Control)

Jennifer K. Chapman, Judge.

Argued and submitted December 2, 2025.

John M. Berman argued the cause and filed the briefs for appellant.

Drew L. Eyman argued the cause for respondents. Also on the brief was Snell & Wilmer LLP.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant C-R Construction, LLC appeals from a judgment in favor of plaintiffs Summers and Saffron Fields Vineyard, LLC for breach of contract, unjust enrichment, and money had and received.[1] In two assignments of error, C-R Construction contends that the trial court erred in denying its motions for directed verdict on the breach of contract and unjust enrichment claims. Because there was evidence creating a question of fact for the jury on the breach of contract claim and because an unjust enrichment claim can be pleaded in the alternative to a breach of contract claim, we affirm.

This dispute arises out of a construction project. On the breach of contract claim, C-R Construction argued that it was entitled to a directed verdict because there was no evidence that a fixed-price contract existed. The trial court concluded that there was sufficient evidence of a fixed-price contract and denied the motion for directed verdict. A party's motion for directed verdict "must be denied if there is *any* evidence from which the jury could find all of the facts necessary to establish the elements of the plaintiff's cause of action." *Kelley v. Washington County*, 303 Or App 20, 22, 463 P3d 36 (2020) (emphasis in original; internal quotation marks omitted). The record here is replete with evidence that creates a question of fact as to whether a fixed-price contract existed. Although C-R Construction argues that the evidence is not persuasive, that argument "would have us weigh and prioritize the evidence, something that our standard of review for a directed verdict does not permit." *Id.* at 35.

C-R Construction's second assignment of error purports to address plaintiffs' third claim for relief, money had and received. C-R Construction's argument in support of that assignment of error, however, is directed at plaintiffs' second claim for relief, unjust enrichment. As to that argument, C-R Construction's contention that there can be no claim for unjust enrichment as an alternative to a breach

---

[1] Sanjeev Lahoti was also a plaintiff but passed away during the litigation. The trial court dismissed him as a plaintiff and he is not listed as a party on the general judgment.

of contract claim is legally incorrect. *See Mount Hood Community College v. Federal Ins. Co.*, 199 Or App 146, 158, 111 P3d 752 (2005) ("[T]he use of a *quantum meruit* claim as an alternative to a breach of contract claim is so common that it is not only unremarkable but something that is expected.").[2] The trial court thus correctly denied its motion for directed verdict on that claim.

Affirmed.

---

[2] The same holds true to the extent that C-R Construction is attempting to challenge plaintiff's money had and received claim—such a claim can be brought in tandem with a breach of contract claim. *Snow v. Tompkins et al*, 205 Or 60, 65-66, 286 P2d 119 (1955).