The demurrer was properly overruled. <span style="float:right">DART v. LOWE.</span>

*Per Curiam.*—The judgment is affirmed, with 5 per
cent. damages and costs.

*J. A. Liston,* for the appellants.

*J. L. Jernegan,* for the appellees.

---

### DART *v.* LOWE and Another.

Where a bailment is for the sole benefit of the bailor, the law requires only slight diligence on the part of the bailee, and makes him answerable only for gross negligence.

Where a person has acted as a bailee in a matter not within the scope of his ordinary occupation, it is incumbent upon the bailor who seeks to render him liable for negligence as a bailee for reward, to prove that he was to receive a compensation.

Where the record simply states that issues were joined, but does not set out any plea to the declaration, the presumption is that none was filed.

A trial without an issue is erroneous.

APPEAL from the *Miami* Circuit Court. <span style="float:right">*Saturday, May 27.*</span>

DAVISON, J.—Assumpsit by the plaintiff against the defendants, for goods sold and delivered. The record states that the issues were joined, but it contains no pleas. The Court tried the cause, and found for the defendants. Motion for a new trial overruled, and judgment on the finding of the Court.

The plaintiff filed a bill of discovery, and under it *Thayer,* one of the defendants, was upon the trial examined *viva voce.* He testified that the plaintiff was a merchant in *Peru;* that, in *November,* 1850, *Thayer* placed in the hands of the plaintiff, who was about starting to the city of *Cincinnati,* 81 dollars, with which to buy for the defendants, who were also merchants, a bill of store goods. *Thayer,* when the money was handed to the plaintiff, observed to him, that he would rather pay him for his trouble than go himself. To that remark the plaintiff made no reply.

During the plaintiff's absence, *Thayer* received from him a telegraphic dispatch which read thus: " *Cincinnati, November* 12, 1850. *Alvin Thayer*: Your money has been stolen. Shall I buy your goods on credit? *G. L. Dart.*" Upon the receipt of which *Thayer* replied, by telegraph, in these words: "*Peru, November* 13, 1850. Proportion the bill, and buy fifty dollars' worth. *Alvin Thayer.*" After the plaintiff's return from *Cincinnati*, he delivered to the defendants the goods set out in the bill of discovery, and also a bill of said goods, which footed up 81 dollars and 40 cents. When this bill was delivered, *Thayer* asked the plaintiff if he was satisfied. He replied that he was; but always insisted upon his claim on the defendants for the goods delivered, and never waived it. The bill contained no charge for purchasing the goods.

It appeared that while on his journey to *Cincinnati*, a large amount of money was stolen from the plaintiff, among which was the 81 dollars received from the defendants. The evidence relative to the theft clearly shows that it occurred without gross negligence on his part.

The plaintiff, no doubt, received the money in the character of a bailee, and his liability to answer the loss depends upon whether any benefit was to result to him from the bailment. The law is thus stated by Mr. Justice *Story*. " When the bailment is for the sole benefit of the bailor, the law requires only slight diligence on the part of the bailee, and, of course, makes him answerable only for gross neglect. When the bailment is for the sole benefit of the bailee, the law requires great diligence on the part of the bailee, and makes him responsible for slight neglect." But "when the bailment is reciprocally beneficial to both parties, the law requires ordinary diligence on the part of the bailee, and makes him responsible for ordinary neglect." Story on Bailments, s. 23. In this case the plaintiff was not guilty of gross negligence, and the question to be considered is, Was he a gratuitous bailee?

As the transaction of the business entrusted to the plaintiff was not within the scope of his ordinary occupation, it was incumbent on the defendants to prove that, on

account of the bailment, he was to receive a compensation. May Term, Whether he was or not was a fact well known to *Thayer;* 1854. yet his examination as a witness discloses nothing definite upon that point. What he said to the plaintiff when the money was handed him, and his failure to reply, afford no proof of an engagement to transact the defendant's business for pay; especially when *Thayer* himself would not venture to assert the existence of such an undertaking. There is nothing upon the record tending to prove that the bailment was, in any respect, to result in benefit to the plaintiff. But, from the whole case, it may be fairly inferred, that what the plaintiff engaged to do was to be done gratuitously. The proofs, in our opinion, did not support the finding of the Court.

But the record does not set forth any plea to the declaration. This may have been a clerical omission. We must, however, presume that no plea was filed. The proceedings, on that account, are defective. If there really was no plea, there could have been no issue in the cause. A trial without an issue is erroneous. 2 Ind. R. 36.

We are of opinion that a new trial should have been granted.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*D. D. Pratt* and *N. O. Ross*, for the appellant.