## Tindall v. The State.

### No. 8190.

CRIMINAL LAW.—*Pleading.*—*Waiver of Arraignment.*—*Trial Without Issue Erroneous.*—*Statute Construed.*—*Presumption.*—*Supreme Court.*—*Record.*—*Case Overruled.*—The record of the trial of a criminal cause, on appeal to the Supreme Court, showed that the defendant waived an arraignment, and "thereupon, the issues being joined, this cause," etc., but did not contain any written plea, or show the entry of any oral plea by such defendant.

*Held*, that the Supreme Court in such case must presume that no plea whatever was filed, and that such cause was tried without any issue, and therefore that such trial was erroneous.

*Held*, also, that the entry of the clerk upon the order book that the "issues" were "joined," in the absence of any pleadings showing such issue or issues can not be taken as showing that any issue whatever was joined.

*Held*, also, when the general issue is pleaded, it must, under section 97 of the criminal code, be entered upon the minutes of the court, to become a part of the record. *Harman* v. *The State*, 11 Ind. 311, is substantially overruled by *Graeter* v. *The State*, 54 Ind. 159, on this point.

From the Wayne Circuit Court.

*H. C. Fox, J. L. Rupe, J. W. Gordon, R. N. Lamb* and *S. M. Shepard*, for appellant.

*D. P. Baldwin*, Attorney General, and *H. U. Johnson*, Prosecuting Attorney, for the State.

WORDEN, J.—Bud Tindall, the appellant, was indicted in the court below, for the murder of Andrew J. Russell, and upon trial was found guilty of manslaughter and sentenced to imprisonment in the state-prison for the term of ten years.

At the proper time he moved for a new trial, assigning for cause, among other things, that the verdict was contrary to law; but the motion was overruled and exception taken; and error is assigned here upon the overruling of the motion.

One point is made which we think is fatal to the conviction, and it will be unnecessary for us to consider any other question in the cause. The objection is, substantially, that the cause was tried without any issue.

The record recites as follows :

" The State, by Henry U. Johnson, Esq., Prosecuting Attorney, comes : said defendant in person and by counsel comes also, and moves the court to quash such count of the indictment. Being sufficiently advised in the premises, the court overrules the motion and defendant excepts; said defendant waives the arraignment herein. Thereupon, the issues being joined, this cause is submitted to a jury, called and selected to try the same, to wit," etc. Then follows a statement of the trial, verdict and judgment, the record not showing any plea, either oral or written.

The following statutory provisions control the question involved, found in 2 R. S. 1876, p. 398 :

" Sec. 96. The defendant is arraigned by reading to him the indictment, and requiring him to plead thereto. The court may, for cause shown, grant a reasonable time to answer the indictment.

" Sec. 97. In all criminal prosecutions, the defendant may plead the general issue orally, which shall be entered on the minutes of the court, and under it every matter of defence may be proved.

" Sec. 98. If a defendant refuse to plead to an indictment, or information, a plea of not guilty must be entered by the court, and the trial proceed."

It is proper to inquire, in the first place, what it was,

according to the record, which the appellant waived. He waived the arraignment; that is, according to the 96th section of the statute, he waived having the indictment read to him, and being required to plead to it. This could not be construed into a consent, even if he could consent, to go into a trial without any plea. He might well have waived having the indictment read to him, for he might have known its contents. So, also, he might have waived being required to plead to the indictment. Indeed, it would be natural to suppose that he would have preferred not to be required to plead to it. The fair construction of the waiver, however, we think, involved a consent on the part of the appellant to plead to the indictment without having it read to him, and without being required to plead to it. But, if no plea was interposed, the case is in no better condition than if the consent had not been given.

But, if the 96th section of the statute were to be construed more broadly than its literal terms import, so as to include, as part of the arraignment, the reception of the defendant's plea, still no plea was received and entered as required by statute, nor is there any plea contained in the record. The entry of the clerk says that the issues were joined; that is, that the issues being joined, the cause was submitted to a jury, etc.

If we were to assume from this that some plea was pleaded on which issue might have been joined, it would be impossible to ascertain from the record the nature or character of the plea, unless we should infer it from the evidence given on the trial; but it would seem, on general principles, that the evidence could not be resorted to in order to determine the condition of the record as to the pleadings. The defendant might have pleaded in abatement as well as in bar of the indictment. Moore Crim. Law, section 271. He might have pleaded in bar a former conviction or a former acquittal; and, if so. he would have

been entitled to have the issue formed on such plea tried. before trying an issue on the plea of not guilty. *Clem* v. *The State*, 42 Ind. 420.

We might as well assume that the trial was had upon an issue arising upon a plea in abatement, or of former conviction or acquittal, as upon a plea of not guilty. If we assume that any plea was interposed, we have no means of determining what it was, or what was the character of the issue or issues submitted to the jury for trial. But we are clear . that we have no legal right to assume that any plea whatever was filed. We can not assume it because of any thing the clerk entered upon his minutes or order book, as to the issues being joined. Whether or not the issues were joined, could only be determined from the pleadings themselves; and it is no part of the duty of the clerk to enter the fact in his minutes, that the issues are joined.

We believe that it is a common formula for clerks to say: " The issues in this behalf being joined, come now a jury to try the same," etc., or something like that; but what is thus said about the issues being joined, is mere form and unnecessary, and can not, in the absence of pleadings showing the issue or issues, be taken as showing that any issue whatever was joined. Thus, in the case of *Dart* v. *Lowe*, 5 Ind. 131, it was held, that where the record simply states that the issues were joined, but does not set out any plea to the declaration, the presumption is that none was filed. That was a civil case, but the principle of it has been approved as applicable to criminal cases several times since. *McJunkins* v. *The State*, 10 Ind. 140; *Graeter* v. *The State*, 54 Ind. 159.

There are two modes of pleading in criminal cases, one by filing a written plea or pleas, and the other by pleading the general issue orally. If the general issue is pleaded orally, it " shall be entered on the minutes of the

court." Sec. 97. This we understand to mean that the plea shall be entered on the order-book in which the proceedings of the court are entered, to be signed by the judge. 2 R. S. 1876, p. 10, sec. 22; 2 R. S. 1876, p. 16, sec. 3.

Thus, whether a plea be pleaded orally or in writing, it becomes a part of the record; and when a record comes to us, containing no written plea or entry upon the record of the oral plea provided for, we must take it that no plea was interposed in either mode.

The case, then, we must assume, was tried without any issue, a thing never contemplated by the Legislature. There was nothing which the jury could be properly sworn to try. So careful have been the Legislature to secure a plea before the trial can proceed, that, if the defendant refuse to plead, a plea of not guilty must be entered for him by the court; and this, it would seem, without any enquiry whether he stands obstinately mute, or be dumb *ex visitatione Dei*. This, while it secures a plea, avoids the inhumanity anciently practiced upon those standing obstinately mute, by placing them under the pressure of heavy iron weights, and for meat and drink supplying them with stale bread and ditch water, until they died or answered.

The trial of the cause without any issue was clearly erroneous. This is settled by the cases of *McJunkins* v. *The State*, and *Graeter* v. *The State*, *supra*, and the still later case of *Fletcher* v. *The State*, 54 Ind. 462. In the latter case, some authorities are noticed outside of this State, as well as many of our own.

The case of *Harman* v. *The State*, 11 Ind. 311, is cited by counsel for the State, to uphold the proceedings. In that case, the record did not show a formal arraignment, nor that the indictment was read to the defendant. The opinion, after stating such facts as showed that the defendant had notice of the contents of the indictment, proceeds as follows:

"In a criminal case, the defendant may plead the general issue orally, though he can not in a civil, except where it originated before a justice of the peace. In this case, therefore, it was not necessary that the record should contain a formal plea of the general issue; and, as the defendant did not refuse to plead, it was not necessary that the court should enter the general denial for him."

This would seem to imply, that, if the defendant had pleaded the general issue orally, it was not necessary that his plea should be entered on the minutes of the court, so as to become a part of the record. If this is the meaning of the decision, we think it was wrong, and that the court must have overlooked the provision of the 97th section on that subject. If this is the true interpretation of the decision, it has been substantially overruled by more recent cases, particularly that of *Graeter* v. *The State, supra.*

The verdict, having been rendered without any issue in the cause, was contrary to law, and the question was saved by the motion for a new trial.

The judgment below is reversed, and the cause is remanded for further proceedings.

Note.—The clerk will give the proper notice for a return of the prisoner.