## BROOKS *v.* PADDOCK.

(*Supreme Court of Colorado, December Term, 1881. Appeal from the County Court of Lake County.*)

COMPLAINT MUST STATE CAUSE OF ACTION WITHOUT REFERENCE TO EXHIBITS—OTHERWISE DEMURRER WILL BE SUSTAINED. The Code requires that the complaint shall contain "a statement of the facts constituting the cause of action." (King's Code, Section 50, page 18.) The averments of the complaint can alone be looked to in determining its sufficiency. If defective for want of material allegations, it cannot be aided by reference to exhibits made part of it. A complaint not stating a cause of action without regard to the exhibits, is bad on demurrer.

ELBERT, C. J. The Code requires that the complaint shall contain *inter alia* "a statement of the facts constituting the cause of action."   *   *

"The averments of the complaint can alone be looked to in determining its sufficiency. If defective for want of material allegations, it cannot be aided by reference to exhibits made a part of it. The complaint must state a cause of action without regard to the exhibits." *Deitz et al.* v. *Corwin et al.*, 35 Mo., 377; *Bowling* v. *McFarland*, 38 Mo., 464; *Lawrence* v. *Mills*, 29 O. St., 13; *Gebhard* v. *Gardner*, 12 Bush., 395; *Hill, etc.*, v. *Barrett*, 14. B. Monroe 67.

This was also the rule under our former practice. *Buck et al.* v. *Fisher et al.*, 2 Colo., 185; *Gage* v. *Lewis*, 68 Ill., 618.

The amended complaint in this case does not state the facts constituting the cause of action, but refers to the exhibit therefor. Without reference to the exhibit it is unintelligible. Even if the exhibit could be considered, there is no averment that the amount claimed by the plaintiff is due on the contract set forth in the exhibit.

There are other objections to the relief asked and in part decreed, but they need not be considered. The complaint was clearly insufficient, and the Court erred in overruling the answer.

*Reversed.*

*L. N. Buck*, for appellant.

*T. A. Green*, for appellee.