[No. 2291.]

ABBY v. DEXTER.

1. **Pleading—Contracts.**

In an action upon a written contract the complaint may allege the contract according to its legal effect or by setting it out in haec verba.

2. **Pleading—Contracts—Demand.**

In an action upon a contract to pay money an allegation that defendant failed and refused to pay the money is a sufficient allegation of demand, especially in the absence of a demurrer, and where it is apparent from the answer that a demand would have been unavailing.

3. **Continuance—Absent Witness.**

An application for a continuance on account of an absent witness who resides in a different county from that of the trial

is insufficient unless it appears that an order of court has been obtained authorizing service of a subpoena outside of the county where the trial is had.

4. **Same.**

An application for a continuance on account of an absent witness is insufficient where the affidavit fails to allege that there are no other witnesses by whom the facts can be proven. A statement that "affiant knows of no other witnesses by whom said facts can be proven, whose testimony can be so readily procured" was not sufficient.

*Appeal from the District Court of Teller County.*

Messrs. HAWKINS, GRAHAM & CAMPBELL, for appellant.

Mr. W. O. TEMPLE and Mr. FRANK McLAUGHLIN, for appellee.

MAXWELL, J.

The insufficiency of the complaint to support the judgment, being one of the grounds upon which a reversal of the judgment is urged, it becomes necessary to set forth so much of the complaint as is pertinent to a discussion of this question. The complaint alleges that for a valuable consideration the following contract was entered into between the parties, to wit:

"This agreement, made between W. H. Dexter, party of the first part, and Jacob Abby, party of the second part, on the 21st day of August, A. D. 1894, witnesseth:

"That the said party of the first part has this day made a deed to the party of the second part for all his interest in the Lone Pine claim, situate in the Cripple Creek Mining District.

"Now, therefore, the party of the second part agrees that in consideration of the deed which the party of the first part has given to him for the Lone Pine claim, that he will pay to him five hundred (500) dollars out of the first proceeds of said claim which he shall receive from the sale of the claim or

from ore shipped; but if the party of the second part is unable to hold the Lone Pine or Success claims, then this agreement to be void.

"In witness whereof the parties have hereunto set their hands and seals.

"W. H. Dexter. · [SEAL]
"Jacob Abby. [SEAL]

"We hereby guarantee the above contract.

"W. C. Clark.
"W. J. Chambers."

"2. On information and belief, that hereafter, and on or about the 18th day of October, A. D. 1894, the defendant, Jacob Abby, sold and conveyed by deed to the Hermosa Gold Mining Company, a corporation, the said Lone Pine lode claim, or all his right, title and interest therein, and accepted from said corporation in payment for said claim or his said interest so conveyed, two hundred thousand (200,000) shares of the capital stock of the said corporation of the value of two thousand ($2,000.00) dollars.

"3. That the defendant, Jacob Abby, has failed and refused to pay this plaintiff the sum of five hundred dollars ($500) which he agreed to pay the plaintiff as aforesaid out of the first proceeds of the sale of said claim." Following which is a demand for judgment.

It is contended by counsel for appellant that the contract pleaded must be treated as an "exhibit" attached to the complaint, and that upon the authority of *Brooks v. Paddock*, 6 Colo. 36, this portion of the complaint must be eliminated and disregarded. In this we cannot agree with counsel. In the above cited case "exhibit" is used to designate a paper or document attached to a pleading and made a part of it by reference only. The complaint in the case before us alleges that the parties entered into a written contract which is set forth *in haec verba;* the happen-

ing of the contingency upon which the money became due, and the refusal of the defendant to pay. It is well settled that in actions on contract it may either be set out in the language of the contract, or according to its legal effect. Appellant contends that the complaint is insufficient in that it does not allege a demand. The allegation that defendant failed and refused to pay the money, in an action upon a contract of this character, is a sufficient allegation of a demand, especially in the absence of a demurrer, and where it is apparent from the answer that a demand would have been unavailing.—*Gardner v. Donnelly,* 86 Calif. 367.

Error is assigned upon the refusal to grant defendant's motion for a continuance, which motion was upon the ground of the absence of a material witness. It was admitted upon the hearing of this motion ''that no order of court had been obtained authorizing service of said subpoena on the witness Davie outside of Teller county.'' Under the decision of the supreme court in *Dawson v. Coston,* 18 Colo. 493, this admission was fatal to the application for a continuance. The affidavit was also insufficient in not showing that there were no other witnesses by whom the same facts could be proved, the affidavit stating ''that he knows of no other witnesses by whom said facts can be proven, *whose testimony can be so readily procured.*'' In any event, no prejudicial error was committed in refusing to grant the continuance, as the testimony of the absent witness was merely cumulative, and it is clearly evident that such testimony would not have changed the result.

The judgment is affirmed.

*Affirmed.*