BOSTON CLOTHING COMPANY v. F. V. GARLAND.[1]

November 20, 1903.

Nos. 13,643—(98).

**Pleading—Evidence.**

*Held*, in this action, which was brought to recover the reasonable value of steam furnished to defendant for heating purposes:

1. That the complaint stated a cause of action.

2. That the testimony followed the complaint, and conformed to it, and warranted the findings of fact in plaintiff's favor.

Appeal by defendant from a judgment of the municipal court of St. Paul, Hine, J. Affirmed.

*Barrow & Morrison,* for appellant.

*George W. Walsh,* for respondent.

COLLINS, J.[2]

In this appeal from a judgment entered in plaintiff's favor, there are two questions presented. First, is a cause of action stated in the complaint? and, second, if there is, was the plaintiff corporation entitled to findings of fact in its favor on the testimony?

[1] Reported in 97 N. W. 433.

[2] START, C. J., absent, sick, took no part.

1. The complaint is not a model, but it is therein alleged that plaintiff furnished steam for the purpose of heating defendant's place of business, and for his use during a certain period of time; alleged the number of feet of radiation furnished, and the reasonable value per foot; and, further, that defendant had and enjoyed the steam so furnished for heating purposes. Under the code, it is not necessary to set out in terms in a pleading an express promise to pay. It is sufficient to state facts showing the duty, from which the law implies the promise. That complies with the requirement that facts must be stated constituting a cause of action. Farron v. Sherwood, 17 N. Y. 227. We think that the complaint was sufficient as against an objection not made until the trial was in progress.

2. The testimony, while scant, followed the complaint, and conformed to it. It should have been made much more complete, but again defendant's counsel relied upon a mere technicality, making no attempt to deny or to controvert the case made by plaintiff's testimony. Under such circumstances, we are of the opinion that the testimony warranted the findings, and that the judgment of the lower court should be upheld.

Judgment affirmed.