(July 28, 1910.)

## CADDIE BATES, Appellant, v. CAPITAL STATE BANK and M. P. MEHOLIN, Receiver, Respondents.

[110 Pac. 277.]

COMPLAINT—DEMURRER—CAUSE OF ACTION—PROPERTY—DEPOSIT WITH BANK OR BANKER—DEMAND—STATUTE OF LIMITATIONS.

(Syllabus by the court.)

1. Under the provisions of sec. 4168, Rev. Codes, the complaint must contain, among other things, a statement of the facts constituting the cause of action in ordinary and concise language and a demand for the relief claimed.

2. *Held,* that this is in form an action in replevin or claim and delivery under the provisions of the statute of Idaho.

3. The technicalities of pleading under the common law have been dispensed with by the provisions of our code.

4. Implications of law arising from facts alleged in the complaint and presumptions of law arising therefrom need not be pleaded.

5. *Held,* that the complaint states a cause of action.

6. A bailee who receives property as a deposit for safekeeping is bound to deliver it to the bailor upon demand, unless he has a lien on it, or is prevented from so doing by the real owner or act of law.

7. In an action against a depositary, the burden is on the depositor to prove the bailment and failure or refusal to return the property on demand. If that is shown, it then becomes incumbent upon the depositary to return the same or show sufficient circumstances or facts that would excuse him in law for refusing.

8. A "deposit" is a naked bailment of goods to be kept for the depositor without reward and to be returned when he shall demand it.

9. Where a bank or banker receives property upon deposit, there results an implied contract that he will return it to the depositor upon demand.

10. Under the provisions of sec. 4059, Rev. Codes, where an action is brought to recover money or property deposited with a bank or banker, the statute of limitations does not begin to run until after demand by the depositor.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Fremont Wood, Judge.

Action to recover possession of certain railroad bonds or their value in case a return cannot be had. Demurrer to the complaint on the ground that it does not state a cause of action, and other grounds, sustained by the trial court. *Reversed.*

Jackson & Taylor, for Appellant.

Under the provisions of our code the technicalities of pleading have been dispensed with, and the plaintiff need only state his cause of action in ordinary and concise language. (*Rauh v. Oliver,* 10 Ida. 3, 70 Pac. 20; *Elliott v. Collins,* 6 Ida. 266, 55 Pac. 301.)

It never has been the practice of this court to require the plaintiff to set up implications or presumptions of law. (1 Estee's Pleadings, secs. 185, 186.)

Under the code procedure, where facts are alleged from which the law will imply a promise, it is not necessary to allege a promise in terms, such allegation being a mere conclusion of law. (*Wilkins v. Stidger,* 22 Cal. 232, 83 Am. Dec.

64; *Boston Clothing Co. v. Garland,* 90 Minn. 520, 97 N. W. 433; *Voight v. Brooks,* 19 Mont. 374, 48 Pac. 549; *Waite v. Willis,* 42 Or. 288, 70 Pac. 1034; *De La Guerra v. Newhall,* 55 Cal. 21.)

"Ultimate facts only should be pleaded and not probative facts or conclusions of law." (*Orman v. City of Pueblo,* 8 Colo. 292, 6 Pac. 931; 1 Estee's Pleadings, sec. 190; *Green v. Palmer,* 15 Cal. 412, 76 Am. Dec. 492.)

"A complaint is not defective in substance for omitting to state conclusions to be implied from the facts sufficiently stated." (*Case v. Carroll,* 35 N. Y. 385.)

In an action against a depositary, the burden is on the depositor to prove the bailment and a failure or refusal to return the property on demand. If a failure or refusal to return the property on demand is shown, it becomes incumbent upon the depositary to return the same. (*Dart v. Lowe,* 5 Ind. 351; *Darling v. Younker,* 37 Ohio St. 487, 41 Am. Rep. 532; 13 Cyc. 810; *Davis v. Tribune Job Printing Co.,* 70 Minn. 95, 72 N. W. 808.)

"The depositor makes a *prima facie* case when he shows a deposit and a demand and a refusal of the thing deposited. The *onus* is then upon the depositary to exonerate himself of the liability." (*Wiser v. Chesley,* 53 Mo. 547; *Huxley v. Hartzell,* 44 Mo. 370; *Kincheloe v. Priest,* 89 Mo. 240, 58 Am. Rep. 117, 1 S. W. 235; *Thompson v. St. Louis etc. R. Co.,* 59 Mo. App. 37; *Siems v. Bank,* 7 S. D. 338, 64 N. W. 167.)

Wyman & Wyman, and Pence & Tennyson, for Respondents.

The complaint is fatally defective when it fails to show plaintiff to be entitled to the possession of the chattel sought to be replevied. (*Cameron v. Wentworth,* 23 Mont. 70 (78), 57 Pac. 648; *Midland Contracting Co. v. Toledo Foundry etc. Co.,* 154 Fed. 797, 83 C. C. A. 489; *Bierman v. Reinborn,* 71 N. J. L. 422, 58 Atl. 1083; *Wood v. Orser,* 25 N. Y. 348; *Scofield v. Whitelegge,* 49 N. Y. 259; *Rucker v. Donovan,* 13 Kan. 251, 19 Am. Rep. 84; *Lane v. Chadwick,* 146 Mass. 68, 15 N. E. 121; *Richbourg v. Rose,* 53 Fla. 173, 125 Am. St. 1061, 44 So. 69, 12 Ann. Cas. 274; *Eldridge v. Sherman,* 70

Mich. 266, 38 N. W. 255; *Castro v. Murray,* 47 Or. 57, 81 Pac. 388, 883; *Ferguson v. Lauterstein,* 160 Pa. 427, 28 Atl. 852; *Bogard v. Jones,* 28 Tenn. 739; *Jimmerson v. Greene,* 7 Neb. 26; *Cassell v. Western Stage Co.,* 12 Iowa, 47; *Lamotte v. Wisner,* 51 Md. 543; *Garcia v. Gunn,* 1. 315, 51 Pac. 684; *Metal Co. v. Daugherty,* 204 Mo. , 102 S. W. 538; *Linsay v. Wyatt,* 1 Ida. 738; *Cunningham v. Stoner,* 10 Ida. 557, 79 Pac. 228; *Idaho Placer Min. Co. v. Green,* 14 Ida. 249, 93 Pac. 954.)

Replevin can only be maintained against one actually in the possession or control of the chattels or one who, anticipating the suit, disposes of them to defeat the action. (Shinn on Replevin, sec. 164; *Robb v. Dobrinski,* 14 Okl. 563, 78 Pac. 101, 1 Ann. Cas. 981; *De Priest v. McKinstry,* 38 Neb. 194, 56 N. W. 806; *Sullivan v. Girson,* 39 Mont. 274, 102 Pac. 320; *Timp v. Dockham,* 32 Wis. 146 (151).)

"To entitle a person to maintain trover, he must not only have a special or general property in the chattel, but also must have been in possession or entitled to immediate possession thereof at the time of the conversion." (28 Am. & Eng. Ency. of Law, 659, where the cases are collated; *Riciotto v. Clement,* 94 Cal. 105, 29 Pac. 414.)

The allegation of breach of contract is insufficient as against a special demurrer. It does not allege the bonds have not been returned nor does it state that plaintiff is not in possession of them. (*Scroufe v. Clay,* 71 Cal. 123, 11 Pac. 882.)

Upon the strict doctrine that this is an action in replevin, three years after the deposit would be the limit within which an action might be brought. (*Wright v. Paine,* 62 Ala. 340, 34 Am. Rep. 24.)

SULLIVAN, C. J.—This action was brought to recover the possession of twenty-one first mortgage bonds of the Pacific and Idaho Northern Railway Co., or their alleged value of $29,496.25.

It is alleged in the complaint that said bonds were deposited with the Capital State Bank of Idaho on the 23d of August,

1901; that each and every of said bonds were at the time of the deposit and ever since have been and now are the sole and separate property of the plaintiff; that on the 3d of January, 1910, plaintiff served a written demand on the defendants, the defendant M. P. Meholin being the receiver of said bank, whereby she demanded immediate delivery to her of said bonds, or in the event of the inability of the defendants to deliver the same, the value thereof, alleged to be the sum of $29,496.25. It is also alleged that said demand is the first and only demand made by plaintiff for the return of said bonds or the value thereof or any portion of the same; that after making said demand, the said bank and the said receiver neglected, failed and refused to return said bonds or any of them to the plaintiff or their value or any portion of the same, and on information and belief, it is alleged that said bonds and each of them or the value thereof have remained on deposit with said defendant bank and in the custody thereof, and ever since they were deposited in said bank and now are in the custody of said Meholin as receiver. The prayer is for judgment against the defendants for the return of said bonds, and if return cannot be made, for judgment for their value with accruing interest and the costs of action and for other relief.

To this complaint the defendants interposed a demurrer, on the ground that it does not state facts sufficient to constitute a cause of action; that the action is barred by the provisions of secs. 4052, 4053 and 4054 of the Rev. Codes, and other grounds.

Said demurrer was sustained by the court, and thereupon plaintiff elected to stand upon the complaint and judgment of dismissal was entered against her. This appeal is from said judgment.

There are several specifications of error assigned. There are, however, but two questions involved in this controversy; First, does the complaint state a cause of action, and, second, is the action barred by the statute of limitations?

First, it is contended by counsel for respondent that this is an action in replevin, and comes under the provisions of our statute in regard to the claim and delivery of personal property, and it is contended that the complaint does not state a cause of action, because it nowhere is alleged therein that the plaintiff is entitled to the immediate possession of said bonds.

This is clearly an action for the recovery of possession of personal property, to wit, said bonds, and is in form the common-law action of replevin, or an action in "claim and delivery" as designated by the provisions of our statute, secs. 4271 to 4282, inclusively, of the Rev. Codes. As to whether or not the plaintiff has availed herself of the provisional remedy provided by the statute does not appear by the record, but that fact is immaterial in the consideration of the questions presented on this appeal. Whatever name or designation might be given to this specific action, it still remains a fact that the action was instituted primarily for the recovery of the specific personal property described in the complaint, or its value, and the sufficiency of the pleading must be determined upon the facts pleaded rather than upon any name given to the pleading or the cause of action.

In *Rauh v. Oliver,* 10 Ida. 3, 70 Pac. 20, this court held under the provisions of our Code of Civil Procedure that the technicalities of pleading under the common law have been dispensed with, and that the plaintiff need only state his cause of action in ordinary and concise language, whether it be in assumpsit, trespass or ejectment, without regard to the ancient forms of pleading, and that the plaintiff can be sent out of court only when, upon his facts, he is entitled to no relief either at law or in equity.

In *Elliott v. Collins,* 6 Ida. 266, 55 Pac. 301, the court said: "Under the provisions of subd. 2, sec. 4168, in actions *ex contractu* or *ex delicto,* the pleader is required to make in his complaint a statement of the facts constituting the cause of action in ordinary and concise language." (See, also, sec. 4168, Rev. Codes.)

Implications of law arising from the facts stated need
not be pleaded and presumptions of law need not be averred.
Under our code procedure, where all of the facts are alleged
from which the law will imply a promise, it is not necessary
to allege a promise in terms, as such allegation would be a
mere conclusion of law. (*Wilkins v. Stidger,* 22 Cal. 231;
*Boston Clothing Co. v. Garland,* 90 Minn. 520, 97 N. W. 433;
*Voight v. Brooks,* 19 Mont. 374, 48 Pac. 549; *Waite v. Willis,*
42 Or. 288, 70 Pac. 1034; *Abadie v. Carrillo,* 32 Cal. 172;
*De La Guerra v. Newhall,* 55 Cal. 21.)    One of the implica-
tions of law which arises from the facts alleged is that the
plaintiff is entitled to the immediate possession of said bonds,
and that implication need not be averred in terms.

In the complaint it is alleged that the bonds referred to
were deposited with the Capital State Bank as a bank and
banker; that they were the property of the plaintiff and she
had made demand on said bank and its receiver therefor.    The
plaintiff stated a cause of action in her complaint, as under
the law a bailee who receives property as a deposit is bound
to deliver it to the bailor upon demand, unless he has a lien on
it, or is prevented from so doing by the real owner or the act
of law, and has given the notice required by statute.
(*Wetherly v. Straus,* 93 Cal. 283, 28 Pac. 1045.)

In an action against a depositary, the burden is on the
depositor to prove the bailment and a failure or refusal to
return the property on demand.    If a failure or refusal to
return the property on demand is shown, it becomes incum-
bent upon the depositary to return the same, or show satis-
factory explanatory circumstances or facts in defense.    (*Dart
v. Lowe,* 5 Ind. 131; *Jackson v. Eiglimie,* 27 N. Y. State
Weekly Digest, 193; *Darling v. Younker,* 37 Ohio St. 487, 41
Am. Rep. 532; 13 Cyc. 810.)

It was held in *Wiser v. Chesley,* 53 Mo. 547, that a depositor
makes a *prima facie* case when he shows a deposit made and
a demand and refusal of the thing deposited.    The onus is
then upon the depositary to exonerate himself from the lia-
bility which attached when he assumed custody of the article

with .which he was intrusted. (See, also, *Davis v. Tribune Job Printing Co.,* 70 Minn. 95, 72 N. W. 808.)

It is alleged in the complaint that the plaintiff "deposited" with the defendant, the Capital State Bank of Idaho, certain bonds. Thus a "deposit" is alleged to have been made with a bank or banker. In Jones on Bailment, sec. 36, "deposit" is defined to be "A naked bailment of goods to be kept for the bailor without reward and to be returned upon demand." In Edwards on Bailments, 2d ed., sec. 10, p. 14, "deposit" is defined as follows: "A delivery of goods to be kept and returned without recompense creates a bailment; it is called a deposit." 13 Ency. of Law & Procedure, p. 789, defines deposit as "A naked bailment of goods, to be kept for the depositor without reward, and to be returned when he shall require it." (See, also, authorities there cited.) In Edwards on Bailments, 2d ed., p. 62, the duty of the depositary is declared as follows: "It is the depositary's duty to restore the goods on demand; where he fails to do so, he is bound to render some account of them."

The "deposit" alleged in the complaint is a naked bailment of the bonds in question. The depositor having alleged the deposit of the bonds, the demand therefor, the refusal by the depositary to make a return of the property so deposited, a cause of action is stated, and it then devolved upon the respondents to plead a good and valid reason for failure and refusal to return the same as a defense to such action, if he has any. From the facts alleged, the implication of law instantly arises that the deposit was made for safekeeping, and that the depositary promised to return the deposit on the first authorized demand or requirement by the depositor, and that immediately on demand the depositor was entitled to the possession of the thing deposited. The plaintiff stated a cause of action when he alleged a "deposit" and a demand and a refusal to return the thing deposited. The onus was then upon the depositary to exonerate himself of the liability.

In *Siems v. Bank,* 7 S. D. 338, 64 N. W. 167, the court said: "It must be remembered that the promise on which the action rests is not the direct act of the parties, but a promise

which the law implies from the facts on the theory that a party is willing and undertakes to do what he ought to do.''

Where a bank receives either money or property upon deposit, there is at least an implied contract that he will return it to the depositor upon demand. (See 2 Page on Contracts, sec. 771; *Waite v. Willis,* 42 Or. 288, 70 Pac. 1034.)

The other assignment of error has reference to the statute of limitations. Under the facts as alleged in the complaint, the statute of limitations did not begin to run until the demand for the deposited property had been made. That demand was made on the 3d day of January, 1910, and this action was begun on March 14, 1910. Sec. 4059, Rev. Codes, provides as follows:

''To actions brought to recover money or property deposited with any bank, banker, trust company, or saving and loan society, no limitation begins to run until after an authorized demand.''

Said bonds were ''property''; they were deposited with the bank or banker; hence under the provisions of said section the limitation of the time in which to bring this action did not begin to run until after the demand was made. Such is the rule in many states.

We therefore hold that the complaint states a cause of action and that the court erred in sustaining the demurrer. The judgment is reversed and the cause remanded, with direction to the trial court to overrule the demurrer and to permit the defendants to answer. Costs are awarded to the appellant.

Ailshie, J., concurs.

(August 9, 1910.)

## ON PETITION FOR REHEARING.

AILSHIE, J.—A petition for rehearing has been filed in this case in which counsel for respondents urge upon the court the importance of deciding in this case whether an ''action in replevin can be maintained against one not in possession

of the property at the time of the commencement of the action.'' That question does not arise upon the record as it comes to this court, and in our judgment is not properly presented and does not require our consideration on this appeal. We did not consider that question in the decision of this case, and we withhold any opinion on it at this time.

The petition will be *denied,* and it is so ordered.

Sullivan, C. J. concurs.