LYONS v. LIBERTY NAT. BANK.

No. 5755.

Court of Appeals of the District of Columbia.
Argued April 7, 1933.
Decided May 29, 1933.

Alfred Cerceo, F. G. Matson, and Bernard M. Chernoff, all of Washington, D. C., for appellant.

Thomas P. Littlepage and Charles L. Frailey, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and HITZ, Associate Justices.

HITZ, Associate Justice.

This is an action brought in the Supreme Court of the District of Columbia by the appellant, Lyons, as plaintiff, to recover $1,500 deposited by him with the appellee, as "escrow agent." The court sustained a demurrer to the plaintiff's amended declaration, and, the plaintiff electing to stand thereon, final judgment was entered against him and in favor of the defendant for costs, from which judgment the plaintiff prosecutes this appeal.

The amended declaration embodies the contract, and, as the question is one of pleading and the pleading is short, we reprint the declaration except as to the formal parts:

"This agreement entered into between C. B. Slemp, John W. Price, and Rees B. Gillespie, of Washington, D. C., parties of the first part, and John A. Lyons, of New York, New York, party of the second part.

"Whereas the party of the second part has employed the parties of the first part as attorneys at law to look after a certain case on the docket of the United States District Court at Norfolk, Virginia, and

"Whereas, fifteen hundred dollars ($1,500) cash is to be paid as an additional fee when, as and if the case in the United States District Court is disposed of upon terms that are acceptable to the party of the second part; if the case is disposed of upon terms acceptable to the party of the second, the fifteen hundred dollars ($1,500) deposited herewith in escrow in The Liberty National Bank shall be turned over to the parties of the first part by The Liberty National Bank upon written notification to the bank by the party of the second part that the conditions of this agreement have been satisfactorily complied with by the parties of the first part; and such

notice to the bank will be a full acquittance and release to The Liberty National Bank of any and all liability of any kind or character as the escrow agent for the parties hereto.

"The parties hereto appoint The Liberty National Bank as the joint Escrow Agent to hold the said fifteen hundred dollars ($1,500) upon the terms herein stated, and deposit the said fund with a copy of this agreement with said bank. If the case is not disposed of in said United States District Court by January 1, 1932, then The Liberty National Bank may turn over said fund to the party of the second part, unless the time is further extended by mutual agreement.

"Given under our hands this the 13th day of November, 1930.

"John A. Lyons,
"C. B. Slemp,
"John W. Price,
"Rees B. Gillespie.

"The terms of the agreement have not been complied with by the parties of the first part set forth therein. The defendant, The Liberty National Bank, was never notified in writing or by any other method or methods by the plaintiff, or anyone authorized for or by him to notify the aforesaid defendant that the terms of the agreement were complied with by the attorneys named therein.

"That this plaintiff, John A. Lyons, has made demand upon the defendant for the return of the amount of $1,500 deposited in escrow with the defendant as is provided in the agreement set out herein and the said demand has been refused.

"The plaintiff further states that he has been informed by the defendant bank that the amount of $1,500 has been paid to the attorneys named in the agreement."

The question thus presented is whether the facts alleged in this declaration constitute a good cause of action.

■ The agreement was properly made a part of the amended declaration, and the allegations of the declaration must be considered in connection therewith. Walsh v. Gilmor, 3 Har. & J. (Md.) 383, 6 Am. Dec. 503; North v. Kizer, 72 Ill. 172; Abby v. Dexter, 18 Colo. App. 498, 72 P. 892; Van Norman v. Wheeler, 13 Tex. 316; Tidd's Practice, 434.

■ And while the declaration is not well drawn, we are of opinion that it is not so deficient in statement of facts as to warrant a demurrer. "Courts being established for the purpose of administering real justice to individuals, will feel much reluctance at the necessity of deciding a cause on a slip in *pleading, or on the inadvertence of counsel.*" Marshall, C. J., in Sheehy v. Mandeville, 7 Cranch, 208, 217, 3 L. Ed. 317.

Construing the amended declaration in connection with the agreement, it sufficiently charges that this money was deposited by the plaintiff with the bank, as the escrow agent of all parties to the agreement, to be paid over in accordance with the terms thereof; that a copy of the agreement accompanied the money; that its terms were not complied with by the parties of the first part; that the bank was never notified by or for the plaintiff that the agreement had been complied with; that plaintiff made demand upon the bank for return of the money; which was refused; and that the bank informed the plaintiff that the money had been turned over to the parties of the first part.

We think this showing of the declaration is sufficient as against the bank's demurrer.

■■ For it is not necessary that the plaintiff should anticipate and negative matters of defense or matters which should come more properly from the other side, which, as Hale said, "is leaping before one comes to the stile," and it is sufficient that each pleading should in itself contain a good prima facie case without reference to possible objections not yet urged. Stephens on Pleading, 354; Karthaus v. Owings, 2 Gill & J. (Md.) 430; Wiggin v. Federal Stock Co., 77 Conn. 507, 59 A. 607; Strauss v. Hammerstein, 152 App. Div. 128, 136 N. Y. S. 613; Wallace v. M'Connell, 13 Pet. 136, 10 L. Ed. 95; Buckstaff v. Russell & Co., 151 U. S. 626, 14 S. Ct. 448, 38 L. Ed. 292.

■ Where the obligation of a party to a contract is to pay over money upon occurrence of a certain contingency it is not necessary to allege in the complaint the nonoccurrence of the contingency, and a general demurrer should not be sustained and the plaintiff left without remedy if he states a case upon a fair construction of his contract. Root v. Childs, 68 Minn. 142, 70 N. W. 1087; David v. City National Co., 174 App. Div. 593, 161 N. Y. S. 174; St. Tammany Bank v. Winfield (C. C. A.) 254 F. 785; Garcia v. Fantauzzi (C. C. A.) 20 F.(2d) 524.

■ A depositor makes out a prima facie case when he shows a deposit made and a demand and refusal of the thing deposited, whereupon it is incumbent upon the depositary to exonerate himself from the liability which he assumes with the custody of the deposit. Wiser v. Chesley, 53 Mo. 547; Bates v. Bank, 18 Idaho, 429, 110 P. 277; Beardslee v. Rich-

ardson, 11 Wend. (N. Y.) 25, 25 Am. Dec. 596.

"The effect of the deposit of the contract and check with the bank was to constitute it a custodian or stakeholder for the benefit of both parties, holding the money without right or interest in it, bound above all things not to take sides between the parties, and answerable ultimately to the one or the other, according to their respective rights." Citizens' Bank v. Davisson, 229 U. S. 212, 33 S. Ct. 625, 629, 57 L. Ed. 1153.

The judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.