**PYLE v. JOHNSTON, Warden.**

No. 10405.

Circuit Court of Appeals, Ninth Circuit.

Aug. 27, 1943.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Raymond Pyle is confined by James A. Johnston, Warden, in the United States Penitentiary at Alcatraz, California, by authority of commitments which were duly issued following judgments after Pyle had pleaded guilty to charges contained in two United States grand jury indictments. Each of these indictments charged Pyle with the crimes of robbing a bank and assault by the use of dangerous weapons in the act of robbing a bank thereby putting the life of a bank official in jeopardy.

Pyle petitioned the United States District Court for the writ of habeas corpus claiming that he is illegally imprisoned because the indictments to which he has pleaded guilty state no offense under the laws of the United States. The writ was denied and the petition was dismissed. Pyle appeals.

The indictments were framed under 12 U.S.C.A. § 588b, of which subdivision (a) relates to bank robbery and subdivision (b) to assault and the putting of life in jeopardy by dangerous weapons in committing a bank robbery. The term "bank" as used in § 588b is defined in § 588a of 12 U.S.C.A. to include "any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States and any *insured* bank as defined in subsection (c) of section 264 of this title." [Emphasis added.] Section 264 creates the Federal Deposit Insurance Corporation and sets

forth its powers. Subsection (c) (8) declares that an insured bank is "any bank the deposits of which are insured in accordance with the provisions of this section." The banks robbed were state banks, and the robberies of them do not constitute federal offenses unless they are insured by the United States governmental agency Federal Deposit Insurance Corporation. Appellant's whole case rests upon the fact that although the indictments contain the allegations that the banks robbed were insured by the Federal Deposit Insurance Corporation, it is not alleged in either of them that said insurer is in fact the governmental agency bearing that title. The insurer may in fact [so runs his reasoning] be a private corporation and not the national public agency named in the statute.

 The doctrine is well established that if a court passing sentence had jurisdiction over the person of the defendant and over the offense which the indictment undertook to define, its judgment of conviction is not subject to collateral attack by habeas corpus proceedings on the grounds that the indictment fails to charge an offense, unless the court was so completely without jurisdiction that its proceedings were void. Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036; Goto v. Lane, 265 U.S. 393, 402, 44 S.Ct. 525, 68 L.Ed. 1070; Telfian v. Johnston, 9 Cir., 122 F.2d 346; Stewart v. Johnston, 9 Cir., 97 F.2d 548, 549. "Whether the indictment sets forth in comprehensive terms the offense which the statute describes and forbids, and for which it prescribes a punishment, is in every case a question of law which must necessarily be decided by the court in which the case originates, and is therefore clearly within its jurisdiction. Its decision on the conformity of the indictment to the provisions of the statute may be erroneous; but, if so, it is an error of law made by a court acting within its jurisdiction, * * * which cannot be looked into on a writ of habeas corpus." Ex parte Yarbrough, 110 U.S. 651, 654, 4 S.Ct. 152, 153, 28 L.Ed. 274.

 The jurisdiction of the trial court as to the class of crimes charged in the instant proceedings as well as its jurisdiction as to the person of the appellant has never been questioned. See Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455; In re Coy, 127 U.S. 731, 8 S.Ct. 1263, 32 L. Ed. 274. As to such jurisdiction appellant entertained no doubts at the time of his plea and sentence. He now discovers that, academically speaking, there is a mere possibility that an insurance concern having the same name as that mentioned in the indictments and in the statute but having no connection with the federal government might have been the insurer. He does not claim that such was the fact; he merely claims that, so far as the wording of the indictments are concerned, the possibility existed.

In the instant case the indictments declare that the banks robbed were insured by the "Federal Deposit Insurance Company," the correct statutory name of the insurer. Such an allegation brings the statute to bear upon the facts of the case. Under the terms of 12 U.S.C.A. § 264(v) (1): "No individual, association, partnership, or corporation shall use the words 'Federal Deposit Insurance Corporation', or a combination of any three of these four words, as the name or a part thereof under which he or it shall do business." Therefore, any allegation containing that appellation must of necessity refer to the federal agency which alone is legally entitled to bear the name. An indictment need not negative every conceivable theory that might combat the validity of the pleading, Buckstaff v. Russell & Co., 151 U.S. 626, 14 S.Ct. 448, 38 L.Ed. 292; Lyons v. Liberty Nat. Bank, 62 App.D.C. 204, 65 F.2d 837; Breckinridge County v. McCracken, 6 Cir., 61 F. 191, for indictments and judgments are not required to meet the test of every remote possibility. It may be well to state that the great writ of habeas corpus is not intended as a swinging gate of jail delivery whose latch may be tripped by every fine technicality.

Affirmed.