**HARMONY CORPORATION, a corporation, Appellant,**

**v.**

**Edward C. PENICK and Nellie McCay Penick, Appellees.**

**No. 3226.**

District of Columbia Court of Appeals.

Argued May 20, 1963.

Decided June 27, 1963.

Stanley Klavan, Washington, D. C., for appellant.

Albert A. Rapoport, Washington, D. C., for appellees. Carl W. Berueffy, Washington, D. C., also entered an appearance for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellees sued Harmony Corporation, sales agent for Forest Knolls, Inc., to recover a deposit of $2,000 under their contract to purchase a house in Maryland.[1] Upon cross motions for summary judgment upon agreed facts, the trial court ordered return of the deposit to the Penicks and denied any relief to the agent. This appeal followed.

The stipulated facts are: On September 9, 1959, the Penicks signed a contract to buy a house in Maryland from Forest Knolls, Inc. They gave an initial deposit of $750 to appellant sales agent. Upon completion of the sale the vendor was to pay the agent a commission of $400. To obtain early possession appellees made an additional deposit of $1,250 to the agent and agreed to pay $3 a day for the use and occupancy of the house prior to settlement. The daily

---

1. The vendor, Forest Knolls, Inc., was also named a party defendant, but, for failure to answer after service, a default was entered against it.

payments were made through March 31, 1960, and were transmitted by the agent to the vendor, but the deposit of $2,000 was retained.

Sometime prior to April 4, 1960, the Penicks learned of foreclosure proceedings by the holder of the first trust on the property due to the vendor's failure to make trust payments. They immediately demanded that the agent return their deposit of $2,000, which was refused. On April 8, 1960, Forest Knolls, Inc., became the subject of involuntary reorganization proceedings in the United States District Court for Maryland and shortly thereafter the Penicks filed this suit against the vendor and its sales agent to recover the above deposit and punitive damages of $1,000.

Both the Penicks and the agent (appellant here) asserted claims against the vendor in the Maryland reorganization proceedings. Among set-offs in the agent's proof of claim was the Penicks' deposit of $2,000. The District Court approved a compromise settlement with the Penicks on their claim, and on January 9, 1961, entered an order directing the trustee to convey the realty to the Penicks "free and clear of all liens and encumbrances, except restrictions of record," upon their delivery to the trustee of their promissory note for $17,947.70, representing the agreed purchase price plus incidental charges, secured by a deed of trust on the property. By subparagraph (f) of this order the trustee was also directed to "release any and all claims on its part against the sum of $2,000 paid by the said Penicks to Harmony Corporation * * * and now held by said Harmony Corporation." The Penicks were also directed to dismiss their suit and judgment against Forest Knolls, Inc. in the District of Columbia.[2]

In the District of Columbia suit following hearing on cross motions for summary judgment, the trial court on December 17, 1962, filed a memorandum opinion holding "that Harmony Corporation, as sales agent of Forest Knolls, Inc., is simply holding the funds in a fiduciary capacity, and that it has no right, title or interest therein. The District Court having directed the trustee to release any and all claims on his part, said funds belong to plaintiffs." Summary judgment was entered for the Penicks for the funds deposited with appellant

Although setting forth a number of errors, appellant primarily contends that the order directing the trustee to release the deposit made by the Penicks did not give the fund to the Penicks but merely caused its reversion to the vendor and that in this suit in the District of Columbia where ownership of the funds was the issue before the trial court, Forest Knolls, Inc. was an indispensable party.

 "Indispensable parties" are those who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final termination may be wholly inconsistent with equity and good conscience.[3] According to the pattern of each case, a party may be deemed either indispensable or only "conditionally necessary."[4] Although the general rule is that where rights sued upon arise from a contract, all parties to it must be joined, it is unnecessary to adhere to this principle in a case where an agent has the contested funds in his possession but his principal has no interest in them. Such is the case here.

2. Although the other provisions of the order have been complied with, for reasons undisclosed the dismissal has not yet been entered.

3. Landram v. Jordan, 25 App.D.C. 291, 300, affirmed 203 U.S. 56, 27 S.Ct. 17, 51 L.Ed. 88, quoting from Shields v. Barrow, 17 How. 129, 130, 139, 58 U.S. 129, 139, 15 L.Ed. 158; Young v. Swafford, D.C.Mun.App., 102 A.2d 312.

4. Gauss v. Kirk, 91 U.S.App.D.C. 80, 198 F.2d 83, 33 A.L.R.2d 1085; Young v. Kaminetsky, D.C.Mun.App., 102 A.2d 574.

**304**

■ The District Court by its order directed the trustee to release any interest the vendor might have to the fund. It therefore follows that, as appellant at all times conceded it was acting only as agent for the vendor, it is in no position to revive or set up any interest of its principal in this suit or to continue to retain the deposit after its principal had released interest in it. Rather it was the duty of the agent to return the deposit to the Penicks.[5] We rule that Forest Knolls, Inc., having been precluded by judicial decree from asserting further claim to this fund, is neither an indispensable party nor a conditionally necessary party to this case.

■ Also without merit is appellant's contention that the trial court *ab initio* was without power and authority to hear and determine on its merits the subject matter in controversy. Appellant maintains that the right to the deposit may be adjudicated only in the District Court in Maryland where the involuntary reorganization proceedings for Forest Knolls, Inc. are still open. As a basis for its claim it relies on paragraph (i) of the order which provides that "nothing * * * shall be taken or construed to affect any claim which may be asserted as between the Penicks and Har-

mony Corporation, except to the extent specifically set forth in subparagraph (f) hereof," previously referred to in this opinion. Appellant interprets this provision to be a reservation of its right to have ownership of the deposit decided in the Maryland reorganization proceedings. We do not agree.

Although initially the trustee appointed by the District Court had asserted claim to this fund, the effect of the ultimate order of that court (to which appellant, although given the opportunity to do so, raised no objection) was to settle the dispute between the Penicks and Forest Knolls, Inc. while leaving open to the parties here the right to litigate in any appropriate forum the ownership of the $2,000 which no longer remained an asset of the vendor subject to be disposed of in the reorganization proceedings.

There being no basis in fact or in law evidencing any separate right on the part of appellant to retain the deposit (its claim being motivated apparently by a desire to satisfy some alleged unpaid commission or other debt due from its principal), we rule that summary judgment awarding return of the deposit to the appellees was proper and should be affirmed.

Affirmed.

---

5. Lyons v. Liberty Nat. Bank, 62 App. D.C. 204, 206, 65 F.2d 837; Ralph D. Cohn, Inc. v. Trawick, D.C.Mun.App., 60 A.2d 926, 927.